MAULL *vs.* THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY.]

1. *Sufficiency of indictment.*—An indictment, charging that a man and a

woman " did live in a state of adultery or fornication," but not stating that they thus lived *with each other*, nor otherwise showing that they were guilty of a joint offense, is demurrable for duplicity.

FROM the Circuit Court of Jefferson, on change of venue from Blount.

Tried before the Hon. WM. S. MUDD.

THE indictment in this case charged, " that John Maull, a man, and Mary Johnson, a woman, did live in a state of adultery or fornication, against the peace and dignity of the State," &c. The prisoners demurred to the indictment, " because it did not charge that they lived together, or with each other, in a state of adultery or fornication ;" but the court overruled the demurrer.

WATTS, JUDGE & Jackson, for the prisoners, cited *Moore v. The Commonwealth*, 6 Metcalf, 243.

M. A. BALDWIN, Attorney-General, *contra.*

A. J. WALKER, C. J.—The offenses charged to have been committed by the defendants, do not appear from the indictment to have been perpetrated by any joint act; but, for aught disclosed, may have been altogether distinct, neither defendant participating in the criminal act of the other. For this reason, the indictment was demurrable for duplicity.—*Shaw v. State*, 18 Ala. 547.

The judgment of the court below is reversed, and the cause remanded.