STATE v. FRED. REEL.

*Indictment—Several Counts.*

1. An indictment which contains several counts charging different felonies of the same grade and subject to the same punishment may be quashed on motion made in apt time, or the solicitor required to elect on which he will proceed.

2. But in such case it is not error to refuse to arrest judgment after conviction.

(*State* v. *Haney*, 2 Dev. & Bat., 390; *State* v. *Simons*, 70 N. C., 336, cited and approved.)

INDICTMENT for Larceny tried at Spring Term, 1878, of CRAVEN Superior Court, before *Kerr, J.*

The bill of indictment contained two counts, in one of which the defendant was charged with stealing an ox, and in the other one pound of beef. After the jury returned a general verdict of guilty, the defendant's counsel moved in

arrest of judgment.    Motion overruled, judgment, appeal by defendant.

*Attorney General,* for the state.
*Messrs. Green & Stevenson,* for the defendant.

ASHE, J.  The only question presented in this case for our consideration is whether the joinder of several distinct felonies in different counts in an indictment is a ground for arrest of judgment after a general verdict.

It is well settled that several counts which merely describe the same transaction in different ways can be made without objection, but upon the question whether several felonies can be charged in different counts of the same indictment, the authorities are in conflict.    Archbold says they ought not to be joined.    In some of the states, as in Massachusetts. and Tennessee, it is held that it can be done, while in South Carolina and some other states such a joinder is held not to be good on a special demurrer.    We have been unable to find any case in our reports where it has been directly decided.    *Haney's case* approaches the nearest to it. There, the indictment contained two counts, but both relating to the same transaction, the one charging the defendant with stealing a negro, and the other with conveying him away by seduction, &c., and Judge GASTON, who delivered the opinion of the court, said : "It is no objection on a demurrer, and is certainly therefore not good in arrest of judgment, that several felonies are charged against a person in the same indictment, for on the face of an indictment every distinct count imports to be for a different offence.    It is, however, in the discretion of the court to quash an indictment, or compel the prosecutor to elect on which count he will proceed, when the counts charge offences actually distinct and separate."    And in the case of the *State* v. *Simons* where exception was taken to the indictment after ver-

dict, for duplicity, because it was charged in the same count that the property belonged to different persons, this court, PEARSON, C. J., delivering the opinion, refused to arrest the judgment. The current of authorities is, that it cannot be done when there are several counts charging different felonies where the degree of the offence and the punishment are the same. But Wharton in his work on Criminal Law goes even further, and holds that "after a general verdict of guilty it is no objection to an indictment on a motion in arrest, that offences of different grades and requiring different punishments, are charged in different counts." Vol. 1, § 418.

From all the authorities, uncertain and conflicting as many of them are, we think it is clearly deducible that when the indictment contains several counts charging different felonies of the same grade, and subject to the same punishment, lest the prisoner should be confounded in his defence, or prejudiced in his challenges to the jury, or the jury be distracted in their deliberations, the courts on motion of the prisoner in the exercise of their discretion will quash the indictment, or require the solicitor to elect on which count he will proceed, but when this is not done, it will be too late after verdict. It is no ground for the arrest of judgment. *State* v. *Haney,* 2 Dev. & Bat., 390 ; *State* v. *Simons,* 70 N. C., 326 ; Whar. Cr. L., §§ 416, 417, 418 ; Archbold Cr. L., 61 ; Bish. Cr. Pro., § 181 ; Bat. Rev., ch. 33, § 60.

There is no error. Let this be certified to the superior court of Craven county that further proceedings may be had according to law.

PER CURIAM.                                        No error.