STATE v. JAMES G. KING.

*Different Counts—Mismarking—Evidence—Trial.*

1. Several counts for different offences may be joined in the same indictment, where the judgment on conviction of either is the same ; and in such case it is usual to require the solicitor to elect upon which count he will try before the accused commences the examination of his witnesses. A refusal to quash for such alleged misjoinder is no ground for arrest of judgment.

2. On trial of an indictment for mismarking a hog, parol evidence is admissible to prove the "mark" of the prosecutor. (Section one, chapter 16 of Battle's Revisal has no application to this case). And any circumstance tending to show the guilt of the defendant is also admissible.

3. The judge presiding may in his discretion allow the examination of witnesses at any stage of a trial, in furtherance of justice.

(*State* v. *Bryson*, Winst., 86, cited and approved.)

47

INDICTMENT for a misdemeanor tried at Fall Term, 1879, of STANLY Superior Court, before *Buxton, J.*

The defendant was charged with a violation of section 56, chapter 32 of Battle's Revisal, in mismarking a hog. The case originated in Union county and was removed to Stanly for trial. The indictment contained three counts; (1) for altering the mark of one hog, the property of C. L. Helms; (2) for defacing the mark of one hog, the property of said Helms; and (3) for mismarking one hog, the property of said Helms.

The defendant moved to quash the indictment for misjoinder of counts for distinct and separate offences. Motion overruled, and defendant excepted. He then moved to require the solicitor to elect upon which count to try the defendant, and the judge refused to require the solicitor to do so until after the evidence was gone through, and at the close of the evidence he elected to rely on the third count, being the one for mismarking.

The prosecutor, Helms, during his examination was asked if he had any mark for his hogs, and if so, what was it. The defendant's counsel interposed and asked if his mark had been recorded, and on the witness' answering, " no," objected to the evidence on the ground that the mark could only be proved by the record—citing Bat. Rev., ch. 16, § 1. His Honor overruled the objection and the witness proceeded to describe his mark, to which the defendant excepted.

The solicitor asked the witness if he had ever heard the defendant say what was his mark. The question was objected to on the same ground as the preceding exception, but it was overruled by the court and the testimony admitted. There was no conflict of evidence as to the respective marks of the prosecutor and defendant.

The state introduced evidence tending to show that the prosecutor was the owner in October, 1877, of an unmarked sow eighteen months old, of a very wild nature, which had

made her bed in the woods and had had a litter of five pigs, then unknown to the prosecutor, and that defendant had put the sow and pigs in his mark; that in December. following, on one Saturday afternoon, the prosecutor, defendant, and one Richardson and one Tindell met at a spot some three hundred and fifty yards from the bed of the sow for he purpose of hunting her, the location of the bed being unknown to all but the defendant. The prosecutor testified that while at the place of meeting, the defendant proposed to him to go down the branch in search of the sow. They went down the branch and did not find her; but on the next Monday morning on their way to the place of meeting, by agreement, for another hunt, they found the bed. The prosecutor asked one of the witnesses in what direction from the bed did the prosecutor and defendant go in search of the hog on the Saturday before, when they started down the branch together. The question was objected to by defendant's counsel, as calculated to prejudice the jury. Objection overruled, and the witness stated, they went in a direction nearly opposite to the hog-bed. Defendant excepted.

Tindell was then introduced as a witness for the state, after the defendant had closed his examination, and asked as to the conversation between the prosecutor and defendant when they met in an old field on the said Monday morning to hunt for the hog, according to appointment. This evidence was objected to on the ground that it was not in reply or responsive to any evidence offered by the defendant. Objection overruled, and the witness testified that defendant offered to call up the hog, and the prosecutor told him if he would do so and show the hog, the difficulty would be settled; but the defendant refused to call it up.

The jury rendered a verdict of guilty, motion in arrest overruled, judgment, appeal by defendant.

*Attorney General,* for the State.
No counsel *contra.*

ASHE, J. The defendant's counsel, before pleading, moved to quash the bill of indictment on the ground that there were three counts in the bill, each for a separate and distinct offence. But each offence charged was a misdemeanor, and the judgment upon conviction was the same in each case; and when that is so, several counts for different offences may be joined in the same bill. Whether for such a joinder of counts the courts will quash an indictment, is a matter entirely within their discretion. They may do so, when it is likely to embarrass the prisoner in his defence, but it is never a ground for arrest of judgment. The most usual course of the courts in such cases, is, to require the solicitor to make an election upon which count he will proceed to try. He should be put to this election before the defendant commences the examination of his witnesses, as was done in this case. Roscoe Cr. Ev., 190; Arch. Cr. L., 61.

There were several exceptions taken by the defendant in the course of the trial :.

The first was to the admission of parol evidence in regard to the "marks" of the prosecutor and the defendant, the defendant's counsel insisting that section one, chapter 16 of Battle's Revisal, made it the duty of every one to brand his cattle, &c., and have it recorded, and as there was a record of the mark, it was the only evidence that could be admitted to prove it. It is true that act, passed in 1741, and now generally fallen into disuse, does provide that if any dispute shall arise about any ear-mark or brand, the same shall be decided by the record thereof. But in this case there was no dispute about the marks; no conflict of testimony in regard to them ; and it was perfectly immaterial what was the mark of the prosecutor, for this hog was not marked,

STATE *v.* KING.

until mismarked by the defendant. If the position taken by defendant's counsel should be adopted by the courts, the law against mismarking, &c., would be a " dead letter" on the statute book; for there are very few persons who have their "marks" recorded. And then, as to the evidence of the defendant's mark, it was clearly admissible as his declaration or admission, which when pertinent to the issue may in all cases, civil or criminal, be given in evidence against a party to the suit. *State* v. *Bryson,* Winst., 86.

As to the exception to the admission of the evidence with regard to the direction in which the defendant and the prosecutor had gone from the hog-bed, when in search for the sow, we think it was admissible as a circumstance tending to show the guilt of the defendant, and was proper to be submitted to the jury that they might consider whether it was done in good faith or was a device adopted by him to elude the discovery.

The last exception, as to the examination of Tindell after the defendant's testimony was closed, with regard to the conversation between the prosecutor and defendant about "calling up the hog," was upon the ground that it was not in reply or responsive to any evidence offered by the defence. There is nothing in the exception. The court, to attain the ends of justice, may in its discretion allow the examination of witnesses at any stage of the trial.

There is no error. Let this be certified to the superior court of Stanly county that further proceedings may be had agreeably to this opinion and the law.

PER CURIAM.                    No error.