C. J. GREEN and others v. W. A. & G. W. BARBEE, Admr's, and others.

*Confederate currency—Scale—Commissions—Practice.*

1. An administrator is not liable for claims made worthless by the results of the war, where he shows that the exigencies of the estate did not require their collection during the war and that he has made diligent efforts to collect the same since its close. The scaling process in the settlement of this estate is confined to the several balances due to and from the administrator.

2. Commissions allowed personal representatives will not be reduced by this court unless the amount is excessive.

3. This court will not disturb the conclusion reached alike by the probate

and superior court as to the preponderance of proof relating to a matter about which there is conflicting evidence.

(*Currie* v. *McNeill*, 83 N. C., 176; *Shepard* v. *Parker*, 13 Ired., 108 ; *Peyton* v. *Smith*, 2 Dev. & Bat. Eq., 325; *Spruill* v. *Cannon*, Ib., 400; *Walton* v. *Avery*, Ib., 405, cited and approved.)

PETITION for account and settlement heard on exception to referee's report at Spring Term, 1880, of CHATHAM Superior Court, before *Seymour, J.*

The plaintiffs appealed from the judgment below.

*Mr. J. H. Headen*, for plaintiffs.
*Messrs. J. M. Moring* and *John Manning*, for defendants.

SMITH, C. J.   The plaintiffs' appeal is from the rulings of the court upon four (numbered respectively 6, 9, 11 and 12) of their numerous exceptions to the account taken before the probate judge of the administration of the estate of Christopher Barbee by the defendants W. A. Barbee and G. W. Barbee, his administrators.   These we proceed to consider :

Exc. 6.   The plaintiffs object that the administrators are not charged with certain notes and judgments, numbered from 48 to 57 inclusive, alleged to be lost by their negligence. We have recently declared that a fiduciary was not bound to collect a well secured debt in his hands during the war when confederate money was the only currency in use, and this could not be advantageously used or invested, and the exigencies of the trust estate did not require the collection, and he is not responsible for their loss where the debtors have been rendered insolvent by the results of the war and he will not be held responsible if he shows such insolvency, or that he has made diligent efforts to collect since its close and they have been fruitless.   *Currie* v. *McNeill*, 83 N. C., 176.

The testimony of the defendant, W. A. Barbee, is to the effect that these notes and judgments were solvent at the

commencement of the war and became insolvent at its close. Several of the claims were put in the hands of the plaintiff, C. J. Green, a constable for collection, and no money was made except the one-fifth paid on No. 54. The testimony of the plaintiff, Green, is that Nos. 48, 49, 52, 53, 54, 55, 56 and 57 could have been collected in 1861 and 1862, but he does not say that they could have been collected after the close of the war. We therefore concur with the court in holding that the administrators are not personally liable for the loss of these claims and in overruling the exception by which they are covered.

Exc. 9. This exception is to the charge against the several distributees for $500 paid to each on December 23d, 1860, for that, the evidence shows that nothing was paid in fact for which the receipts were given. The witness, W. A. Barbee, on his examination states that he collected a large sum in deposit in the bank of North Carolina ($3,827.17) which with $669 in the possession of the intestate at his death (of which latter sum between $200 and $300 was in gold and silver) he used in paying to each distributee $500, and that this distribution was made at the date of the receipts and before their execution. C. J. Green testifies that the receipts were written by him at the request of the administrator and in anticipation of his receiving the money, but that he failed to get it and according to his recollection, the leaves of the book on which they were written were torn out. That he received no money, and if money was then paid to the others, he did not observe it; that he wrote the receipt for $1,000 also at the request of the administrator, and this as he understood covered all antecedent payments. Simpson Barbee, defendant, introduced by the plaintiff and examined, stated that he had, no recollection of receiving the $500, but did receive about that date some paper money, gold and silver, less than $100 in amount, but gave no receipt for it. The memory of these witnesses appeared upon their

cross-examination very much at fault in regard to specific facts, and the former as to conflicting statements about which he was interrogated relating to these transactions.

The administrator, G. W. Barbee (who committed the management of the administration to his brother mostly) testifies that the $500 was paid to each distributee, according to their several receipts, and that he himself had $500; that the two went twice to Raleigh to get the deposit money and failing they went again about two weeks later and collected it. W. A. Barbee explains his failure to withdraw the intestate's bank deposit on his first visit because he did not carry with him proof of the grant of letters of administration, and positively declares that all were present together when the money was distributed for the separate shares of which a receipt was taken from each. In this conflict of evidence we are not disposed to disturb the conclusions reached alike by the probate judge and His Honor as to the preponderance of the proof and we sustain the ruling of His Honor.

Exc. 11. This relates to the allowance of commissions at the rate of five per cent. on the total amount of receipts and expenditures which it is claimed are excessive. This allowance is on moneys received, $24,738, and expended $2,234; the commissions on both sums being $1,348.60. The compensation allowed the personal representative for his services, within the limit of five per cent. on both sides of his account rests in the sound discretion of the tribunal called to pass on the question, and, while reviewable on appeal to this court, is involved in the determination of the cause, (*Shepard* v. *Parker*, 13 Ired., 108,) yet the court will not disturb the allowance of the probate judge, sustained in the superior court, unless manifestly excessive. In the former practice, the court of equity would not as a general rule depart from the rule of compensation fixed by the master, and where it had been determined in the county court,

would follow that as the safer guide. *Peyton* v. *Smith*, 2 D. & B. Eq., 325; *Spruill* v. *Cannon, Ib.* 400; *Walton* v. *Avery, Ib.* 405. The exception must be overruled.

Exc. 12. The plaintiffs object to the finding of fact that the administrators collected and paid out, in confederate currency at its nominal value and in like manner the residue to the distributees, and that as a matter of law the scale was not applicable. His Honor overruled the exception but adjudged that the balance due from the distributees to the administrator on account of over-payment, and from the latter to such as have not received their full shares, as appears from the report, be reduced by applying the scale of the date of the last distribution, except so far as concerns the distributee, Bartlett Barbee, as to whom and whose interests a different disposition was made in the same judgment. We discover in examining the evidence transmitted no sufficient grounds of objection to the finding by the probate judge that the funds collected were paid out, and consequently the application of the scale to the several items was not called for as suggested in the case of *Currie* v. *McNeill, supra,* and in our opinion the scaling process was properly confined to the several balances due to and from the administrators.

The transcript contains an obvious error in the report of the probate judge which fixes the value of the several distributive shares, in the apportionment, at $3,658.53 instead of $2,658.52, which is really one-ninth of the amount $23,926.80 to be distributed.

The error of $1,000 does not however enter into the computations by which the several balances are ascertained, and these are correct. We advert to this to prevent any mistake in the further reference necessary to reform the account in accordance with the rulings of this court. It will be referred to the clerk of this court to make the necessary

corrections and report the account as thus reformed and the cause is retained until such report is made.

PER CURIAM.                              Judgment accordingly.