## STATE v. WILLIAM GAINUS.

*Presence of Grand Jury—Indictment for assault with intent.*

1. The transcript of a record in the form used in this state, reciting the selection of a grand jury, &c., and that an indictment is presented in manner and form following &c., is sufficient to show the presence of the grand jury when the presentment was made.

2. In an indictment for an assault with intent to murder, it is not necessary to state the instrument used by the assailant.

INDICTMENT for assault with intent to kill, removed from Greene, and tried at Spring Term, 1881, of WAYNE Superior Court, before *Graves, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.
*Mr. William J. Clarke*, for defendant.

RUFFIN, J. Of the many exceptions taken in the court below, two only were relied upon for the defendant in this court:

First: The transcript of the record in the case, after setting forth in the usual form that a superior court was holden for the county, the sheriff's return of the *venire*, and the election and impanelling of the grand jury, proceeds as follows: " It is presented in manner and form following, that is to say," following which is a copy of the indictment against the defendant. It is insisted that the transcript is fatally defective, in that, it omits to state that the grand jury were in court when the presentment was made. The most certain answer to the objection is the statement contained in the record itself. It is there specifically set out who composed the grand jury, and that *they present* the offence in manner and form as set forth in the indictment, and

that upon *their presentment*·to the court, a record of their finding was made—thus by an irresistible implication (and that too according to the form universally in use) signifying all which it is said it should contain.

Secondly : The offence charged in the indictment is, that the defendant " in and upon one Joseph Frazier, then and there being, feloniously and wilfully did make an assault, and the said Frazier then and there did beat, ·shoot, wound and ill-treat, with intent in so doing, then and there, feloniously, wilfully and of his malice aforethought to kill and murder the said Joseph Frazier," &c. ; and it is insisted that this is also defective, in that, it omits to set forth the weapon used in making the assault, and the manner of its use ; and for lack of such averments, a motion in arrest of judgment is made in this court.   The indictment is in conformity to approved precedents, and has the sanction of the writers upon criminal pleading.   In 2 Wharton Cr. Law, § 1282, it is said that in an indictment for an assault with intent to commit an offence, the same particularity is not required as in indictments for the commission of offence itself.   And as an illustration of the rule, it is further said, that in an indictment for an assault with intent to murder, it is not necessary to state the instrument used by the assailant ; the means of effecting the criminal intent, and the circumstances evinced of the design, are considered to be matters of evidence to the jury, and not necessary to be incorporated in the indictment.   To the same effect is 2 Archbold, 262, note ; *State* v. *Dent*, 3 Gill. & John., 8 ; *Wall* v. *State*, 23 Ind., 150.

The principle upon which these authorities go, is, that the assault is *per se* indictable, and the intention being but a matter of aggravation need not be minutely detailed—a specific allegation thereof being sufficient; and from analogy, in the case of *Com.* v. *Rogers*, 5 Sergt. & R., 463, an indict-

ment for an assault with intent to rob, was held good, without specifying the property intended to be stolen.

No error.　　　　　　　　　　　　　　　Affirmed.