STATE v. MARY McNEILL, et als.

*Grand Jury—Indictment—Practice—Quashing—Challenges to Jury.*

1. The endorsement on the back of an indictment "a true bill," by the foreman, raises a presumption that every member of the grand jury concurred in the finding of the bill. Such presumption may, however, be rebutted.

2. If a defendant wishes to take advantage of the fact that less than twelve grand jurors concurred in finding the bill by which he is charged, he must bring forward such matter by a plea in abatement, and prove the truth of his plea by evidence.

3. Where the defendant is charged in four separate indictments with larceny, the Court may treat them as if the several offences charged had been embraced in one indictment, containing different counts. Such consolidation, however, should only be allowed in cases where the presiding Judge is satisfied that the ends of justice require it, and the Solicitor should be forced to elect on which bill he asks for a conviction, before the defendant is required to give his evidence.

4. In such case, *it seems,* that the defendant is allowed the same number of peremptory challenges to the jury as if he had been tried separately on each bill.

5. When different felonies of the same nature are embraced in different counts in the same bill, the presiding Judge may, in his discretion, either quash the bill, or compel the Solicitor to elect on which count he will proceed.

6. A second indictment for the same offence, is, in effect, a new count to the first indictment.

7. When the Solicitor elects to proceed on one count in an indictment, it is equivalent to a verdict of not guilty on the other counts.

8. Where the Judge in his charge to the jury, does not draw any inference of fact himself, or direct them to do so, but only points out the evidence to them, leaving them to draw their own inferences, the charge is not objectionable.

(*State* v. *Cox,* 6 Ired., 440 ; *State* v. *Grimes,* 86 N. C., 632 ; *State* v. *Reel,* 80 N. C., 442 ; *State* v. *King,* 84 N. C., 737 ; *State* v. *Johnson,* 5 Jones, 221 ; *State* v. *Waters,* 82 N. C., 656 ; *State* v. *Dixon,* 78 N. C., 558 ; *State* v. *Hastings,* 86 N. C., 596 ; *State* v. *Joyner,* 84 N. C., 73, cited and approved).

Indictment for LARCENY, tried before *Meares, Judge,* and a jury, at May Term, 1885, of the Criminal Court of NEW HANOVER county.

There was a verdict of guilty, and the defendants appealed.

The facts sufficiently appear in the opinion.

*Attorney General,* for the State.

*Messrs. Frank H. Darby* and *Russell & Ricaud,* for the defendants.

MERRIMON, J.   The interesting and important question, whether or not in this State, an indictment presented by the concurrence of only nine members of a grand jury, as allowed by the statute, (Acts 1885, ch. 63, §18), can be upheld as valid under the Constitution, is not presented by the record in this case, because, it appears affirmatively in the record that the indictment was presented in the manner and form, therein set forth, by twelve "good and lawful men, duly summoned, drawn and sworn, and charged to inquire for the State, of and concerning all crimes and offences," &c.   And upon the back of it is the entry, "a true bill," signed by the foreman of the grand jury. This language implies, and the presumption—not the conclusive presumption, however—is, that every grand juror concurred in the presentment.   This is so generally.   So that, if the grand jury should consist of eighteen members, the presumption would be, that all concurred in making the presentment, nothing to the contrary appearing.   There is nothing in this case that renders it an exception to the general rule.   There is nothing in the record, showing, or tending to show, affirmatively or negatively, that a less number than the whole of the grand jury concurred.

The defendants pleaded in abatement, that the indictment was presented, only nine members of the grand jury concurring; but they offered no evidence to prove the plea, and of course it failed. Unless it shall appear in the record, that a less number than twelve of the grand jury concurred in presenting the indictment, the defendant must aver by proper plea and prove the fact if he would avail himself of it. As it appears in this case that twelve concurred, the question sought to be presented under the statute does not arise. *State* v. *Cox*, 6 Ired., 440; *State* v. *Grimes*, 86 N. C., 632; *Young* v. *State*, 6 Ohio, 435; *Turner* v. *Commonwealth*, 6 Metcalf, 225; *Hudson* v. *State*, 1 Blackfred, 320.

There were four indictments against the defendants, in each of which they were charged in a first count with a distinct larceny, and in a second with receiving stolen goods, knowing the same to have been stolen. Upon motion of the Solicitor for the State, the Court treated them as if the several offences charged in them had been embraced in one indictment, in eight distinct counts, each charging a distinct offence, but required the Solicitor to elect at the close of the testimony in chief of the State, which of the several indictments he would insist upon a conviction in.

The defendants objected, and excepted, but interposed no motion to quash. Such practice is not common, but in our judgment, there is nothing in principle or reason that necessarily forbids it, if the defendant's rights of peremptory challenge of jurors shall be allowed, and the Court shall require the prosecuting officer to elect before the defendants offer their evidence, which particular charge he will insist upon.

This practice may be allowed, observing the restrictions mentioned, in the sound discretion of the Court, but it ought to be done with caution, and only in cases where the Court shall be satisfied from the peculiar circumstances of the case, that the due administration of criminal justice requires it, and moreover, the Court should be careful that the defendant suffers no prejudice from confusion, or from evidence not pertinent to the charge insisted upon. This the Court can guard against ordinarily, by proper caution to the

jury, and in case of a verdict of guilty that is probably not warranted by the evidence, by granting a new trial. It is settled in this State, that when different felonies of the same nature are embraced in different counts in the indictment, a motion to quash made in apt time *may* be allowed by the Court, but the Court *may*, in its discretion, refuse to allow it, and require the prosecuting officer to elect the counts on which he will ask a verdict of guilty before the defendants shall begin the taking of the evidence in his behalf. *State* v. *Reel*, 80 N. C., 442, and the cases there cited. *State* v. *King*, 84 N. C., 737. Indeed, such seems to be the generally accepted practice. Bish. Cr. Prac., §81; Whar. Cr. Law, §416; and see the general rule stated, and a great number of cases cited in 58 Am. Decisions, 248, *et seq.*

In *State* v. *Johnson*, 5 Jones, 221, it was held that a second and new indictment for the same offences, was in effect adding a new count to the first indictment, and if the counts were inconsistent, this would be ground for a motion to quash, or the Court might require the prosecuting officer to elect the count on which he would ask for a verdict of guilty. This case was afterwards recognized and approved in *State* v. *Waters*, 82 N. C., 656; *State* v. *Dixon*, 78 N. C., 558; and *State* v. *Hastings*, 86 N. C., 596.

So that, distinct felonies of the same nature may be charged in different counts in the same indictment, and two indictments for the same offences may be treated as one containing different counts, subject to the right of the defendants to move to quash in case of inconsistent counts, and the power of the Court to require the prosecuting officer to elect the count or indictment on which he will insist. This, certainly, may be done, and we can see no substantial reason why the same rule of practice may not apply to several indictments against the same parties for like offences, when the just administration of criminal justice will thereby be subserved. In Pennsylvania such a rule of practice was upheld in *Withers* v. *The Commonwealth*, 5 Sergt. & R., 58. In that case the Court held that two indictments for conspiracy, found at

different sessions of the Court, might be tried by the same jury, notwithstanding the objection of the defendants, if the Court, in its discretion, should think proper to allow it, especially if the right of the defendant to challenge four of the jurors on each indictment shall be allowed, and an abuse of such discretion, even if such abuse existed, would not be error. The material facts were, that "at February Session, 1818, the plaintiff in error, and a certain Joseph Withers, were indicted for conspiracy against, and cheating Benjamin Hickman. Joseph Withers died before the trial. At the August Session following, the plaintiff in error was again indicted for conspiracy with Joseph Withers, against one William Thomas. At the ensuing November Sessions, these two indictments were, by order of the Court below, tried by the same jury at the same time, without the consent of the plaintiff in error, and as appeared by the special entries in the record, after he had expressly objected. He was allowed, however, the privilege of challenging four jurors on each indictment." That case was substantially like the present one, except that in the latter, no question was raised as to the right of challenge of jurors.

The Court having consented to treat the four indictments as one containing different counts, the Solicitor must be regarded as having consented to a verdict of not guilty as to the others. Indeed, the defendants having pleaded not guilty, and having been put upon their trial, they were entitled to a verdict of not guilty as to the several charges not insisted upon. This followed as a necessary consequence of the election of the prosecuting officer. *State v. Joyner,* 84 N. C., 73.

Obviously, the motion in arrest of judgment could not be sustained. *State v. Reel, supra; State v. King, supra.*

We think the Court did not, in any degree, invade the province of the jury, or express an opinion as to the truth or weight of the evidence, or any part of it. It was the duty of the Court to recapitulate the evidence in a plain and concise manner, and point out its legal bearing and application in the case.

In the respect complained of, the Court did not draw an inference or direct the jury to do so, from the evidence to which their attention was properly directed—it only pointed out to them how to ascertain the truth, leaving to them to believe or disbelieve the evidence, and to draw from it such just inference as they might deem proper. Indeed, just before using the language complained of, the Court told the jury, "that it was a question entirely within the province of the jury, whether they should believe any or all of these witnesses, and if the jury should come to the conclusion that the table-cover was stolen," &c. The jury were thus cautioned and informed as to their province and duty; then, and almost in that immediate connection, the Court said: "It is competent, gentlemen, to be considered by you on this question of time, and to ask yourselves the question, if the piece of silk was not stolen on the same day as the table cover, why was it still wrapped up and lying on the table, instead of being put in some other place?" These facts were in evidence—it was proper for the jury to consider them; they were pertinent and important, and it is just and proper to take what the Court said of them, in connection with the caution as to their duty. The Court did not say that the evidence was true, or how much weight should be given it—that was left to the jury; nor did the Court indicate by its tone or manner, an opinion adverse to the defendant. It does not so appear, nor is it suggested that it did. Whether or not the table-cover had been stolen, like the other questions of fact, was expressly left to the jury.

It appears to us that the trial was fair, and that the conviction was just. There is no error in the judgment. Let this opinion be certified to the Superior Court, according to law.

No error.                                   Affirmed.