STATE v. E. D. HALL, Mayor, et als.

*Indictment—Municipal Corporations.*

1. Different parties cannot be charged in the same indictment with different and distinct offences.

2. Where two separate and distinct departments of a municipal corporation are charged with separate duties in the government of the corporation, the officers of such two departments cannot be joined in one indictment, charging a breach of public duty.

3. Where an officer of a municipal corporation is indicted for a failure to perform a public duty, the indictment should state with what duty he is charged, and his failure to perform it.

(*State* v. *Fishblate,* 83 N. C., 654; *State* v. *Commissioners,* 2 Car. Law Rep., 419 (617); *State* v. *Commissioners,* 3 Jones, 399; *State* v. *Mc-Neill,* 93 N. C., 552; cited and approved).

INDICTMENT, heard on a demurrer thereto by the defendants, by *Meares, Judge,* at November Term, 1886, of the Criminal Court of NEW HANOVER county.

The facts appear in the opinion.

His Honor sustained the demurrer, and the State appealed.

*The Attorney-General,* for the State.

No counsel for the defendants.

MERRIMON, J. No doubt the mayor and aldermen of "The City of Wilmington" are indictable for any wilful or negligent failure to discharge the duties devolved upon them by its charter, "to secure order, health and quiet in said city, and for one mile around it." They cannot, with impunity, arbitrarily refuse to exercise the powers with which they are invested for that purpose, nor can they wilfully pervert them. It is their duty to exercise the same by making "all needful ordinances, rules and regulations," the appointment of suitable and necessary officers and agents, and the employment of appropriate, authorized means to such ends.

Any wilful and negligent omission or failure in these respects constitutes a criminal offence, for which they might be indicted. *State* v. *Fishblate,* 83 N. C., 654; *State* v. *Commissioners,* 2 Car. Law Rep., 419 (617); *State* v. *Commissioners,* 3 Jones, 399.

And so, also, it may be that the persons composing "The Board of Audit and Finance of the City of Wilmington" are indictable as such for failing to discharge their duties as prescribed by the statute (Acts 1876–'77, ch. 143) creating that board. But they are not a constituent part of the mayor and board of aldermen of that city. The respective duties and powers of those two boards are different, and for the most part entirely distinct. The mayor and aldermen represent and exercise the chief corporate powers of the city, while

the "board of audit and finance" are an adjunct of the city government, charged with important prescribed powers and duties in respect to its finances.

The indictment seems to contemplate that these two boards are a unit—certainly in some material respects—and exercise powers, and have duties, in common. This, we think, is a clear misapprehension of their respective natures and purposes, as above indicated. They are separate and distinct bodies, and intended to serve distinct purposes.

One count of the indictment charges that the defendants "board of audit and finance" unlawfully, wilfully and negligently did refuse and wholly omit to approve estimates and rates of assessments of taxes to meet the necessary expenditures for the said several departments of the said city government." If this were the only charge in the indictment, it would be fatally defective, if for no other reason, because it is not charged that the board of aldermen had passed ordinances levying taxes for such purposes and submitted them to the board of audit and finance for their approval. This essential matter must be charged, and also, that it became, and was the duty of the board to approve, &c., &c.

Another count charges the mayor and aldermen with having permitted and tolerated for a long while a dangerous nuisance in the city; but it does not charge that they had wilfully and negligently failed to exercise their power, authority and means with which they were charged to prevent and suppress such nuisance, and that they so failed to pass "all needful ordinances, rules and regulations to secure" the health and safety of the city, and the good people there residing, &c., &c.; nor does it charge how or in what particular respect they were negligent—as that they had failed to appoint or employ proper agents, or supply other proper agencies for the prevention and abatement of such and like nuisances, &c., &c. This is necessary, because it is not the

duty of the mayor and aldermen themselves, personally, to execute their ordinances, rules and regulations—it is their office and duty to make these, and appoint proper agents, and supply necessary means to execute them. So that this charge also is insufficient.

We point out these fatal defects in order to show, that if but one of the two boards had been indicted, the indictment could not be sustained. But moreover, the indictment insufficiently charges two distinct offences against two distinct boards of officers, sustaining distinct relations to the city of Wilmington. This is wholly unwarranted by principle or precedent. Different parties cannot be charged with different and distinct offences, in the same indictment. Such a practice would be impracticable, and lead directly to injustice and confusion.

This case is not like that of *State* v. *McNeill*, 93 N. C., 552. In that case, the same parties were charged in several indictments with like offences.

The demurrer was properly sustained.

There is no error. Let this opinion be certified to the Criminal Court, according to law. It is so ordered.

No error.                                                   Affirmed.