*(margin: INDICTMENT: Time.)*

---

LOWRY v. STATE.

1. PUBLIC ROADS:   *Warning to work upon.*

   Under Mansfield's Digest, sec. 5905, which provides that a warning to work on a public highway "may be given personally or by leaving a written notice at the usual place of abode of the person warned, in some conspicuous place," a service cannot be had by leaving the notice with the wife of the person to be warned, because that mode of service is not within the provisions of the statute.

2. SAME:   *Same.*

   Where warning to work on a public highway is served by either of the modes provided for by the statute and its validity is questioned, it must appear that it was given more than three days before the time fixed for the work.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

Lowry was indicted for failing to work a public road.   On the trial the overseer of the road testified that on the 12th day of March, 1889, he warned the defendant to attend at

a place designated, on the 20th day of March, 1889, to work the road mentioned in the indictment during three days—the 20th, 21st and 22d of March; that such warning was not given personally but by a written notice left with the defendant's wife, who was over the age of fifteen years, at a place where the defendant had said he was living. The witness also stated that a few days later he met the defendant and the latter, after informing him that he did not live in the township where the road was located, and did not intend to work, proposed to send one Cole as a substitute; that the witness declined to accept Cole as a substitute, and that it was then agreed to submit the question of the defendant's liability to work on the road to an attorney; that no further conversation occurred between them, and the defendant failed to attend the working. Among other instructions to the jury was the following, which was given by the court of its own motion, and objected to by the defendant:

"If you find from the evidence that the road overseer left a written notice in proper form at the usual place of abode of defendant and with defendant's wife, a member of his family, at least three days previous to the time appointed to work by said overseer, you will find that the defendant was legally warned."

The defendant was convicted, and appealed. Section 5905 Mansfield's Digest provides that the warning which the overseer of a public road is required to give to persons in his dis-trict liable to work, "may be given personally or by leaving a written notice at the usual place of abode of the person named, in some conspicuous place, * * * at least three days previous to the time appointed to work."

*C. V. Teague,* for appellant.

1. Appellant was not a resident of Hale Township, and was not subject to road duty there. *34 Iowa, 289; 24 id., 204; 63 id., 16 N. W. Rep., p. 71; Mansf. Dig., sec. 5907.*

2. The statute prescribes only two ways by which a person may be warned. Leaving a notice with his wife was not sufficient. *6 Ark., 131; Dwarris Stat., 245; ib., 247.* The statute is mandatory. *21 Cent. Law J., 203; 4 Wall., 435; Dw. Stat., 712; 9 How., 248; 1 Kent., 467, note; Burrill Law Dic., "May;" 38 Ark., 205; 35 id., 501; 20 id., 362.*

*W. E. Atkinson,* Attorney General, and *T. D. Crawford,* for appellee.

1. The word "residence" is often used as synonymous with "domicil," but the latter involves the idea of a fixed intention to reside for an indefinite period of time. *Anderson Law Dic., in loco.*

But "residence" does not necessarily or properly convey the idea of *permanency.* If appellant was *actually* living and residing in Hale Township, though with the intention of returning to Hot Springs, he was a *resident* within the meaning of the act. "*Qui rentil commodum sentire debet et onus.*" See *8 Savoy, 393; 63 Iowa, 104; 30 Gratt., 718; 3 N. H., 123; Jacobs, Domicil, 373, note 1, et seq; 24 Iowa, 204; 44 Vt., 124; 40 Ill., 198; 19 Wend., 11; 1 Wend., 65; 2 Duer., 110; 51 N. Y., 12.*

2. Appellant cannot complain of any prejudice in the manner of the service of the notice. *He received the notice,* as he hunted up the overseer and told him he was not subject to road duty. Beside this, the conversation with the overseer was a sufficient personal notice to him. *Mansf. Dig., sec. 5905.*

PER CURIAM: The Legislature has prescribed the manner of warning hands to work upon the public highways. The warning may be given personally or by leaving a written notice at the usual place of abode of the person warned, in some conspicuous place.

PUBLIC ROADS: Warning to work.

Service cannot be had by leaving the notice with the wife of the person to be warned, because this manner of giving

notice is not within the provisions of the statute. *Barnett v. State, 35 Ark., 501; Bruce v. Arrington, 22 Ark., 362.*

If the conversation of the overseer with the defendant is relied upon as notice it must appear to have occurred more than three days before the time fixed for the work.

There was evidence upon which a jury might find that the defendant was liable to road duty.

The instruction given by the court of its own motion as to the sufficiency of the notice was error, and for that the judgment is reversed and cause remanded for a new trial.