＊STATE v. E. L. HARRIS et al.

*Indictment—Embezzlement—" Force and Arms"—Demurrer to Indictment—Immaterial Defects in Pleading—Duplicity—Misjoinder.*

1. Where A. and B. are charged with embezzlement in one count, and in another count in the same bill A. is charged with the same act of embezzlement, this is not a misjoinder, but the latter count is mere surplusage, being embraced in the other.

2. To charge two separate and distinct offences in the same count is bad for duplicity, but if a count for embezzlement uses words which also may amount to a charge of larceny, the latter words will be treated solely as a part of the charge for embezzlement. *State v. Lanier*, 89 N. C., 517, cited and approved.

＊Head-notes by CLARK, J.

3. When an indictment charges several distinct offences in different counts, whether felonies or misdemeanors, the Court, in its discretion, may quash or require the Solicitor to elect. But if the bill is demurred to for a misjoinder that raises a question of law, and if the demurrer is sustained an appeal by the State lies. *State* v. *McDowell*, 84 N. C., 798, cited and approved.

4. If the several counts contain a mere statement of the same transaction, varied to meet the different phases of proof, the bill cannot be quashed. *State* v. *Eason*, 70 N. C., 88; *State* v. *Morrison*, 85 N. C., 561; *State* v. *Parish*, 104 N. C., 679, cited and approved.

5. When each count in an indictment alleges in the beginning that, " on the 1st day of January, 1888, in said county of Granville," the defendant, &c., this applies to the whole count, and is a sufficient allegation that the crime charged in said count was committed in the county of Granville, and it is needless to repeat it at the beginning of each sentence or paragraph in the same count.

6. The omission of the words " with force and arms" in an indictment has been held immaterial since the year 1546 (Statute 37. Henry VIII), citing RUFFIN, C. J., in *State* v. *Moses*, 2 Dev., 452.

7. A defendant cannot be prejudiced by an indictment concluding, even if unnecessarily, "against the statute." *The Code*, § 1183; *State* v. *Kirkman*, 104 N. C., 911.

This was an APPEAL by the State from a judgment of *Armfield*, *J.*, at January Term, 1890, of Granville Superior Court, sustaining a demurrer to an indictment.

The first count in the indictment is as follows: " That the jurors for the State, upon their oaths, present that, on the first day of January, 1888, at and in the said county of Granville, E. L Harris and W. N. Harris were the agents and employees of the Lord & Polk Company, a corporation created, organized and existing by and under the authority of the laws of the State of Delaware, for the sale of a certain brand of fertilizer, known and called by the name of Diamond State Superphosphates, and were also on the day and year aforesaid the agents and employees of said corporation, to have, take and receive into their possession and under their care, from the purchasers of said fertilizers, all moneys that such purchasers might or would pay to them as agents

and employees as aforesaid, for and on account of said corporation. (And they further present that defendants, &c.) certain moneys of the value of one hundred dollars, to-wit, the sum of ten dollars each, of the value of ten dollars, of and from W. D. Fuller, W. A. Blackley, W. W. Conway, R. H. Tunstall, R. A. Tunstall, G. W. Reams, B. F. Lane and D. C. White, the property of said corporation; and the said E. L. Harris and W. N. Harris, agents and employees as aforesaid, on the day and year aforesaid, the said moneys, the property of said corporation as aforesaid, unlawfully, fraudulently and feloniously did take, steal and embezzle and convert to their own use, and did make way with and secrete with intent unlawfully, fraudulently and feloniously to take, steal, embezzle and convert to their own use said moneys so received by them, the said E. L. Harris and W. N. Harris, agents and employees as aforesaid, they, the said D. L. Harris and W. N. Harris, not being apprentices, and being over the age of sixteen years, to the great damage of said corporation, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The second count is a copy of the first, except that it alleges authority to receive "promissory notes, bonds and obligations to pay" of the sum of ten dollars each executed by W. D. Fuller and others named in first count, instead of "moneys," as charged in the first count, and the receipt of the same and embezzlement thereof as charged in the first count.

The third count is a duplicate of the first, except that it charges E. L. Harris instead of E. L. Harris and W. N. Harris.

The fourth count is a duplicate of the second, except that it charges E. L. Harris alone.

The fifth charges that E. L. Harris and W. N. Harris were copartners, trading in the name and style of Harris

& Son, and their agency and the embezzlement of the moneys, promissory notes, bonds, obligations to pay the embezzlement thereof, all as set out in previous counts. With these variations, the last four counts are a copy of the first count, which is substantially set out above.

*The Attorney General,* for the State.

*Messrs. M. V. Lanier, N. B. Cannady* (by brief) and *A. W. Graham,* for the defendant.

CLARK, J.: The defendants demur to the indictment as defective for misjoinder, duplicity and insufficiency, in that—  .

1. In the 1st, 2d and 5th counts the offence is charged to have been committed by E. L. Harris and W. N. Harris,· and these counts are joined with 3d and 4th counts, charging the offence to have been committed by E. L. Harris, and this is bad for misjoinder.

2. That each count charges the two separate and distinct offences, larceny and embezzlement, and is bad for duplicity.

3. That the indictment charges several distinct offences.

4. That it is not alleged in what county the offence was committed.

5. That the offence is not alleged to have been committed with force and arms.

6. That the indictment wrongfully concluded *contra formam statuti.*

*First.* The different counts in the bill are statements in different forms of the same embezzlement varied to meet the different possible phases of the testimony. We do not see any object to be obtained by the counts charging E. L. Harris alone,. for if the evidence justified his conviction alone, and not that of W. N. Harris also, he could have been convicted under the count charging him jointly with another, though the other should be acquitted, but we see

no harm which could accrue either to him or the other defendant by a count which is mere surplusage, for it is included and embraced in the other counts. This is different from *State* v. *Hall*, 97 N. C., 474, which held that different persons could not be charged with different and distinct offences in the same indictment.

*Second.* The defendant's counsel filed a brief, which, if correct, would cure the second ground of demurrer, as they insist that the charge is not sufficient *in law* as a charge for larceny. If so, there remains only the charge for embezzle- and *utile per inutile non vitiatur.* But it is not necessary to consider the correctness of defendant's views on that point, for while the joining of two separate offences in the same count is bad for duplicity (*State* v. *Cooper*, 101 N. C., 684), the Court holds (ASHE, J., in *State* v. *Lanier*, 89 N. C., 517) that where larceny and embezzlement of the same article is alleged in the same count " the indictment is good for embezzlement, notwithstanding the charge of larceny," because the latter words "are superfluous and unmeaning in an indictment (for embezzlement) under our statute."

*Third.* An indictment containing several counts, describing the same transaction in different ways, is unobjectionable (ASHE, J., in *State* v. *Reel*, 80 N. C., 442), and the Court will not quash it. *State* v. *Parish*, 104 N. C., 679; *State* v. *Eason*, 70 N. C., 88; *State* v. *Morrison*, 85 N. C., 561. "It is no objection on a demurrer that several felonies are charged against a person in the same indictment, for on the face of an indictment every distinct count imports to be for a different offence. It is, however, in the discretion of the Court to quash an indictment or compel the prosecutor to elect on which count he will proceed, when the counts charge offences actually distinct and separate." GASTON, J., in *State* v. *Haney*, 2 D. & B , 390 The same rule applies to misdemeanors as well as felonies. *State* v. *Slagle*, 82 N. C., 653, where the Court says "it is well settled that there may be a joinder of

counts where the grade of the offence and the punishment are the same." There are many decisions that where there are several counts charging distinct offences, but of the same grade and punishable alike, the power of the Court to quash or compel the Solicitor to elect is a matter of discretion. *State* v. *King*, 84 N. C., 737; *State* v. *McNeill*, 93 N. C., 552; *State* v. *Farmer*, 104 N. C., 887; *State* v. *Reel, supra*. But this is a demurrer which demands an adjudication that the bill is defective, as a matter of law, and if the Court so rules, an appeal lies in favor of the State; though, if the demurrer were overruled, the defendant can only have his exception noted, and must proceed to trial on the merits. *State* v. *McDowell*, 84 N. C., 798.

*Fourth.* Each count begins: "The jurors for the State, upon their oath, present that, on the first day of January, 1888, at and in said county of Granville, E. L. Harris," &c. This qualifies and applies to the whole allegation in such count. To hold that it only applied to the first paragraph, or first sentence, would be to exact much "vain repetition." To sustain the demurrer on such ground would ignore the plain provisions of *The Code*, § 1183, which provides: "Every criminal proceeding, by warrant, indictment, information or impeachment, shall be sufficient in form for all intents and purposes, if it express the charge against the defendant in a plain, intelligible and explicit manner, and the same *shall not be quashed*, nor the judgment thereon stayed, *by reason of any informality or refinement*, if, in the bill or proceeding, *sufficient matter* appears to enable the Court to proceed to judgment."

*Fifth.* As to the omission of the words "with force and arms," sixty years ago Chief Justice RUFFIN, in *State* v. *Moses*, 2 Dev., 452, said that those words have been "superfluous since the Statute 37, Henry VIII. We are as much bound to dispense with unnecessary and immaterial averments, when permitted by the statute, as if commanded by it, and

if the one in question be not of that character, it is difficult to say to what '*unseemly nicety*' (as Lord Hale calls it), *formality or refinement* the act can extend." In *State* v. *Duncan*, 6 Ired., 236, which, like the case just cited, was an indictment for murder, the Court reiterates that the words "force and arms" are mere surplusage. The Statute 37, Henry VIII, was passed in the year 1546. It would seem that this point should be held as settled. The statute is set out in Whart. Cr. Pl. and Pr., § 271, and the learned author says that even prior thereto these words were never necessary in a charge like this, where no actual force was used.

*Sixth.* The defendant has as little cause to complain that the indictment concludes against the form of the statute as for the omission of the words "with force and arms." Neither is calculated to mislead or prejudice him in the slightest degree. The decisions that the mere formal conclusion to an indictment are immaterial are collected and the principle re-affirmed in *State* v. *Kirkman*, 104 N. C., 911, to which we will merely refer. The indictment here concludes both "against the statute" and "against the peace and dignity of the State." If the former was wrong, it was mere surplusage. *State* v. *Lamb*, 65 N. C., 419; *State* v. *Bryson*, 79 N. C., 651.

In *State* v. *Smith*, 63 N. C., 234, it was said: "It is evident that the Courts have looked with no favor upon technical objections, and the Legislature has been moving in the same direction. The current is all one way, sweeping off by degrees 'informalities and refinements' until, indeed, a plain, intelligible and explicit statement of the charge against the defendant is all that is now required in any criminal proceeding."

In *State* v. *Moses, supra,* Chief Justice RUFFIN says: "This law (referring to what is now *The Code*, § 1183) was certainly designed to uphold the execution of public justice by freeing the Courts from those fetters of form, technicality and refinement, which do not concern the substance of the charge

and the proof to support it." The reports are full of similar decisions. The legislative intent to cure the evil is clearly expressed in *The Code*, §§ 1183, 1189, 1194, and many similar statutes. These technicalities and refinements doubtless originated in the humanity of the Courts at a time when defendants on trial for the gravest offences were not permitted the benefit of counsel, nor allowed to have witnesses sworn in their behalf. 4 Bl. 459. They are an anachronism now. Their survival and occasional reappearance, after so many statutes and so many decisions, and when the reason for them and a knowledge of their origin even has passed away, is without a parallel, unless it is in the fact that our time-pieces still mark the fourth hour with IIII, which, we are told, is due to the fact that the King of France, to whom the first watch was carried, unable to understand its mechanism, criticised the IV and ordered it replaced by the letters which, with Chinese exactness of imitation, are used by us to day.

They do no harm. But to sustain obsolete technicalities in indictments will be to waste the time of the Courts, need-lessly increase their expense to the public, multiply trials, and, in some instances, would permit defendants to evade punishment who could not escape upon a trial on the merits. If it has not the last mentioned result, it is no advantage to defendants to resort to technicalities, and, if it has such effect, the Courts should repress, as they do, a reliance upon them.

There are cases where defects in an indictment or a civil pleading are matters of substance, and objection should be insisted on by the parties and sustained by the Courts. But the letter and the spirit of legislation, both as to criminal and civil pleading, require only a plain and clear state-ment of the matters alleged, and when the objection to such statement is not substantial, but rests upon mere techni-calities and refinements, it would be better for the party to

106—44

disregard them and go to trial upon the merits, if he has any to set up and rely on.

The judgment must be set aside, and the cause remanded for further proceedings in conformity to this opinion.

Error.