THE STATE v. HENRY PERDUE et al.

*Indictment—Joinder of Counts—Arrest of Judgment.*

An indictment contained two counts—the first (under section 1, ch. 51, Laws 1889) against P. for obstructing an officer in the discharge of his duty, and the second (under section 2 of said act) against three other persons for refusing to aid the officer. There was a verdict of "not guilty" upon the first count, but "guilty" on the second. The defendants moved in arrest of judgment because of misjoinder in the counts: *Held*, that if the objection had been made in apt time it might have been good, unless the State had entered a *nol. pros.* as to one count, but it came too late after verdict.

Indictment, under chapter 51 of the Acts of 1889, tried before *Bynum, J.*, at September Term, 1890, of the Superior Court of DAVIDSON County.

The indictment contains two counts—the first charging the defendants Henry Perdue and Lizzie Perdue with wilfully and unlawfully resisting, delaying and obstructing a public officer in discharging a duty of his office, in violation of section 1 of chapter 51 of the Acts of 1889; and the second charging the defendants Isham Floyd, Jim Floyd, Jule Grubb, Bob Cecil and Albert Myers with wilfully neglecting and refusing to aid such officer in arresting the persons (three in number) named in the warrant of arrest, having been lawfully commanded to aid such officer, in violation of the second section of the act.

The defendants pleaded "not guilty," and, upon the trial, there was a verdict of "not guilty" as to Henry Perdue and Lizzie Perdue, the only defendants named in the first count, and a verdict of "guilty" as to Jule Grubb, Bob Cecil and Albert Myers, the only defendants on trial in the second count.

The defendants Grubb, Cecil and Myers "moved the Court to arrest the judgment, on the ground that there was a defect in the bill (indictment), in this, to-wit, that two distinct offences were charged in the bill (indictment), and that there was a misjoinder of counts and offences, not triable in the same bill (indictment), and against distinct and different parties in the two counts. *Per contra*, the Solicitor maintained—first, the counts could be joined, the whole offence being at the same time and being one transaction, and the act contemplating a joinder; and second, that if there was a misjoinder, it was cured by the verdict acquitting the defendants in the first count—the bill (indictment) being sufficient to proceed to judgment as to the defendants in the second count. The Court allowed the

motion in arrest of judgment, and rendered judgment discharging the defendants, from which the State appealed.

*The Attorney General* and *Mr. R. H. Battle,* for the State.
No counsel for the defendants.

DAVIS, J.—after stating the facts: The first section of the Act of 1889, chapter 51, under which the defendants Henry and Lizzie Perdue, are indicted, makes it a misdemeanor for any person to wilfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge the duties of his office, and the second section, under which the other defendants are indicted, enacts that, "Any person who, after having been lawfully commanded to aid an officer in arresting any person or in retaking any person who has escaped from legal custody, or in executing any legal process, wilfully neglects or refuses to aid such officers, shall be guilty of a misdemeanor."

The defendants named in the first count, and who were acquitted, were charged with a violation of the first section of the act, and the defendants named in the second count, and against whom there was a verdict of guilty, were charged with a violation of the second section of the act.

In *State* v. *Hall,* 97 N. C., 474, it is said: "Different parties cannot be charged with different and distinct offences in the same indictment." In that case, two distinct offences were charged against two distinct boards of officers, sustaining distinct relations to the city of Wilmington, and the objection was taken by demurrer. In the present case, the offences charged are of the same grade, are kindred in their nature, relate to the same transaction and are subject to the same punishment. Two of the defendants, as to whom there was a verdict of not guilty, are indicted in one count for resisting an officer in the discharge of his duty, under the first section of the act, and the others, as to whom there

was a verdict of guilty, are indicted for refusing to aid the officer under the second section of the act.

There is no objection as to the sufficiency of each count, as to the persons respectively embraced therein, to charge the offences set out, but it is insisted that they cannot be tried in the same indictment. If this objection had been taken in apt time, it might have been available to the defendants unless the Solicitor should elect to enter a *nol. pros.* as to one or the other of the counts, or *quash* the indictment and proceed upon separate indictments, which he might have done; but, we think, the objection after verdict is too late, and that "sufficient matter appears to enable the Court to proceed to judgment." *The Code*, § 1183; *State* v. *McNeill*, 93 N. C., 552, and cases there cited. *State* v. *Harris*, 106 N. C., 682, and cases cited.

The verdict of not guilty, as to the defendants in the first count, was equivalent to a *nol. pros.* as to them, and there being a verdict of guilty as to the other defendants, upon the distinct count in the indictment, properly charging an offence against them, upon which the Court can proceed to judgment, there is no ground for arrest of judgment. *State* v. *Reel*, 80 N. C., 442.

Error.