## STATE v. WAINRIGHT.

### Opinion delivered February 23, 1895.

1. *Public road—Contents of warning notice.*

> A road overseer, in warning persons to work on a public road, is not required to state the kind of tools they should bring.

2. *How notice to work road served.*

> The giving of a written notice to a third person to be delivered to the person intended to be summoned is not a sufficient warning under Sand. & H. Dig., sec. 6771, providing that the warning "may be given personally or by leaving a written notice at the usual place of abode of the person warned, in some conspicuous place."

Appeal from Fulton Circuit Court.

JOHN B. McCALEB, Judge.

*E. B. Kinsworthy*, Attorney General, for appellant.

1. Wainwright and A. H. Huddleston were not legally warned. Sand. & H. Dig. sec. 6771.

2. Harve Huddleston was legally warned; it is not necessary to warn a hand to bring tools of any kind. *Ib.*; see, also, 52 Ark. 270.

BATTLE, J. Three men, W. E. Wainright, A. H. Huddleston and Harve Huddleston, were indicted for failing to work on a public road. They were improperly joined as defendants in the same indictment; the failure of each of them to work on the road, in person or by substitute, or pay the amount of money authorized by law in lieu of labor, after being duly warned, being a separate and independent offense. But no objection to the joinder was made. They were tried and acquitted; and the State appealed.

1. What notice to work road should contain.

The State insists that the judgment of the circuit court should be reversed because the court, in its instructions, virtually told the jury to acquit appellees, if it found that they were not informed, at the time they

were warned to work the road, as to the kind of tools to bring. This contention is correct. It is not the duty of a road overseer to state, in his warning of persons to work on public roads, the kind of tools they should bring, unless he desires them to do so. It might not be necessary for them to bring tools. None might be required of them, or, if necessary, already supplied.

Harve Huddleston was legally warned; the other two were not. The warning required by the statute "may be given personally, or by leaving a written notice at the usual place of abode of the person warned, in some conspicuous place." Sand. & H. Dig. sec. 6771. Written notices were delivered to Harve Huddleston for W. E. Wainright and A. H. Huddleston. This was not a legal warning. Lowry *v.* State, 52 Ark. 270.

2. How such notice served.

The judgment of the circuit court is therefore affirmed as to Wainright and A. H. Huddleston ; and as to Harve Huddleston is reversed.