STATE v. BRYSON.

(December 22, 1900.)

*Indictment—Sufficiency—Surplusage—Assault and Battery*
*—The Code, Sec. 1183.*

The indictment in this case for assault and battery is sufficient.

INDICTMENT against Samuel D. Bryson, heard by Judge *O. H. Allen,* at Fall Term, 1900, of MACON Superior Court.

The indictment was as follows: "Be it remembered, etc. [giving names of jurors.] The jurors for the State, upon their oath present: Samuel D. Bryson, Tom Shepherd (colored), and Thomas Magaha, late of the county of Macon, on the 9th day of May, 1899, at and in said county, being evil-disposed persons, and wickedly devising and intending to intimidate, frighten, scare, assault, and injure one Glenn Vest, and cause him, the said Glenn Vest, to feel less secure in the enjoyment and protection of his house, on the said 9th day of May, 1899, at and in the county aforesaid, did amongst themselves unlawfully conspire, combine, confederate, and agree together, unlawfully, forcibly, with a strong hand, and multitude of people, to threaten, intimidate, and deter him, the said Glenn Vest, and cause him to feel less secure in his person, and in the enjoyment of the quiet, repose, and protection of his house. And the persons aforesaid, upon their oath aforesaid, do further say that the said Samuel D. Bryson, Tom Shepherd (colored), and Thomas Magaha, in furtherance of the said unlawful combination, conspiracy, and agreement so amongst themselves had as aforesaid, at and in the county of Macon aforesaid, on the said 9th day of May, 1899, aforesaid, in the night time of said day, with the unlawful intent as aforesaid, with a strong

hand and multitude of people, armed with pistols, rocks, and other deadly offensive weapons, entered upon the premises of the said Glenn Vest, and did then and there, unlawfully, wilfully, and with force and arms, remain and stay against the will of the said Glenn Vest; he, the said Glenn Vest, being then and there present, commanding them, the said Samuel D. Bryson, Tom Shepherd (colored), and Thomas Magaha, to leave his premises. And the said Samuel D. Bryson, Tom Shepherd (colored), and Thomas Magaha then and there him, the said Glenn Vest, did unlawfully curse, abuse, and with force and arms and deadly weapons, to-wit, pistols, rocks, and knives, did assault, beat, wound, and ill-treat, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State. Ferguson, Solicitor."

The following was indorsed on the indictment: "Continued for defendants, and it is ordered by the Court that defendants give bonds in the sum of two hundred dollars each, with good and sufficient security, for their appearance at the next term of court."

From quashal of indictment, the State appealed.

*R. D. Douglas,* Attorney-General, and *Ferguson & Son,* for the State.

*Kope Elias,* and *J. F. Ray,* for the defendants.

FURCHES, J.   The defendants are indicted for an assault on one Glenn Vest, and upon the case coming on for trial they moved to quash for duplicity in the bill of indictment. The motion was allowed, the bill of indictment quashed, and the State appealed.   This bill should not be used as a precedent, as it is certainly liable to be criticised for its multiplicity, though it may not be necessary to quash it for "du-

plicity." There is much more of it than is necessary, by which we suppose the Solicitor intended to intensify the charge of an aggravated assault. But finally, after going through all the variations set forth in the bill, the Solicitor came down to business, and charged the defendants as follows: "And the said Samuel D. Bryson, Thomas Shepherd (colored), and Thomas Magaha, then and there him, the said Glnen Vest, to-wit, with pistols, rocks, and knives, did assault, beat, wound, and ill-treat, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State. Ferguson, Solicitor." This, we think, is a sufficient charge of an assault and battery, and the other statement of intention to beat, conspiracy, etc., may be treated as surplusage, or as matters of inducement only. This view of the case seems to be in the spirit of our legislation (Code, sec. 1183), and in harmony with our decisions thereunder. *State v. Harris,* 106 N. C., 682, and cases cited. While we feel called upon to sustain this bill for the reasons and upon the authorities we have given, we will say to Solicitors that it is much safer to adhere to precedents, as nearly as they can, in drawing their bills. This would save them and the courts much trouble. There was error in quashing the bill of indictment.

Error.