C. J. Durston and Nellie R. Fleming v. The State.

No. 4718.     Decided January 30, 1918.

**Unlawfully Practicing Medicine—Information—Joint Charge.**

The offense of unlawfully practicing medicine without obtaining a license is personal to the individual, who so practices, and not one that he can commit

in connection with another, and where the information alleged that defendant and another practiced medicine without license, thus making a joint charge against both, the same is insufficient.    Following State v. Hendricks, 187 S. W. Rep., 272, and other cases.

Appeal from the County Court of Johnson.    Tried below before the Hon. B. Jay Jackson.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of fifty dollars and five minutes confinement in the county jail.

The opinion states the case.

*F. E. Johnson, W. R. Booth,* and *Morris & Hartwell,* for appellants.— Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellants were each convicted of a misdemeanor and each fined $50.    They were charged under article 756, Penal Code, for unlawfully practicing medicine; that is to say, not complying with the requisites of the statute, article 750, with reference to obtaining a license.

The information charges the offense jointly against both appellants and its legality is challenged upon this ground.    It is not criminal to practice medicine, but it is unlawful to do so for pay without obtaining a license.    A license authorized is personal to the individual.    His practicing without obtaining it is a personal default—not one that he can commit in connection with another and the prosecution for the default can not be sustained under a joint charge.

The exact question has not been reviewed in this State, so far as we have learned.    It was passed upon by the Supreme Court in Missouri in the case of State v. Hendricks, reported in 187 S. W. Rep., 272, involving an indictment charging the same offense, in the same manner as that involved here and for cogent reasons and upon full citation of authorities, the indictment was held bad.    Other authorities sustaining the principle are State v. Wainright, 60 Ark., 280, 29 S. W. Rep., 981; State v. Hall, 97 N. C., 474, 1 S. E. Rep., 683; Maull v. State, 37 Ala., 160; Chowning v. State, 91 Ark., 503, 121 S. W. Rep., 735; Logan v. United States, 144 U. S., 263, 36 L. Ed., 429; Walker v. Commonwealth, 172 S. W. Rep., 109; Townsend v. State, 137 Ala., 91, 34 So. Rep., 382.

Following the authorities cited, we are constrained to hold that the court was in error in refusing to quash the information.

The judgment of the court below is reversed and the prosecution ordered dismissed.

*Dismissed.*