The defendants were charged with the larceny of a pocket book of the value of fifty cents, and of a one dollar bill, (U.S. currency,) of the value of one dollar and of a two dollar bill, (U.S. currency,) of the value of two dollars, making the aggregate value of the property stolen, three dollars and a half, and in another count they were charged with receiving the same, knowing the articles to have been stolen.
On the trial the defendants asked his Honor to charge the jury, that the Court had no original jurisdiction of the offence charged in the second count of the indictment, to wit, the receiving stolen goods, and that they should only inquire whether, from the evidence, the defendants were guilty of the larceny as charged in the first count. This instruction his Honor declined, and charged the jury that the Court had jurisdiction of the offence charged in the second count; and that if they found from the evidence that the defendants received the goods, knowing them to be stolen, it would be their duty to find them guilty.
The jury returned a general verdict of guilty. Motion for a new trial; motion refused. Judgment and appeal by defendants.
(1.) The Superior Court has no original jurisdiction of the offence of receiving stolen goods of a value less than five dollars. Bat. Rev., chap, 33, secs. 14 and 17, page 344; Acts *Page 71 
1873-'74, chap. 176, sec. 13, page 261; State v. Perry and Briggs,71 N.C. 522.
(2.) Therefore it was error for the Court to charge the jury that if they believed the defendants received the goods, knowing them to have been stolen, they should find them guilty.
(3.) The Court must judicially know from the record what offence the defendant is convicted of. State v. Wise, 66 N.C. 123, 124.
(4.) How can the Court judicially know in this case whether the defendant was convicted on the charge of larceny or on the charge of receiving stolen goods? If convicted on the latter, it was erroneous and he should to be discharged.
Suppose it was true, as contended by the defendant, that the count for receiving stolen goods is bad — then we have the case of an indictment with two counts, one good and one bad, and a general verdict of guilty. That is to be taken as a verdict upon the good count, and there may be judgment.
There is no error. This will be certified.
PER CURIAM. Judgment affirmed. *Page 72