## STATE v. JOSEPH WATTS.

*Joinder of Indictments—Arresting Judgment—Conviction of Misdemeanor. on Charge of Felony.*

1. Where two indictments relate to the same transaction, they are to be ·treated as one bill with two counts,. and may be joined wherever a joinder of counts would be authorized.

2. When the same act is charged in one bill of indictment as an assault and battery, and in another as an assault with intent to commit a rape,·. and the jury convict of a simple assault only, an alleged misjoinder of the charges cannot be taken advantage of by motion in arrest of judgment.

3. Where one is indicted for an offence which the bill terms a felony, but which is only a misdemeanor, he may be convicted of the latter offence.

(*State* v. *Speight*, 69 N. C., 72 ; *State* v. *Johnson*, 5 Jones, 221 ; and 75 N. C., 123 ; *State* v.. *Upchurch*, 9 Ired., 454, cited, commented on and approved.)

INDICTMENT for an Assault, tried at Fall Term, 1879, of HAYWOOD Superior Court, before *Graves, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General* and *J. M. Gudger*, for the State.
*Messrs. A. T. & T. F. Davidson*, for defendant.

ASHE, J.   The defendant was tried on two separate indictments: the first, for an assault and battery, and the second, for an assault with intent to commit a rape.   The jury found him guilty of the assault, but not guilty of the assault with intent to commit a rape.   The defendant moved in arrest of judgment upon the ground that the two indictments could not be joined, but His Honor overruled the motion and the defendant appealed.

The rule for joining different offences in the same bill of indictment is, that it always may be done when the grade

of the offences and the judgments are the same. Archbold's Cr. Pl., 61 ; *State* v. *Speight,* 69 N. C., 72.

The offence charged in each of these bills of indictment is a misdemeanor, and are of the same grade, but the punishments are different. Upon conviction on the first indictment, the punishment is fine or imprisonment, or both at the discretion of the court, and upon the last imprisonment in the state prison for not less than five nor more than fifteen years. On account of this difference in the punishment to be inflicted, it is contended that there is a misjoinder and the indictments cannot be sustained. The two indictments relate to the same transaction and are to be regarded and treated as one bill of indictment containing two counts. *State* v. *Johnson,* 5 Jones, 221. In that case where there were two bills of indictment for the same offence, CHIEF JUSTICE PEARSON said, " the effect was simply to add another count to the bill of indictment; the whole constituted but one proceeding, to be treated as if the bill, at the first, had contained three counts instead of one. If the counts be inconsistent, it is ground for a motion to quash, or the state may be ruled to elect upon which the trial shall be had ; this is only done to prevent injury to the accused, but never when the counts are only variations in the mode of charging the same offence; and the fact that the counts are all in one bill or in two bills, both being found by the grand jury, makes no kind of difference."

The two indictments then are to be taken as two counts in one bill of indictment, and the question is, can these two counts be joined in the same bill ? The authorities are in conflict upon this point. Both Archbold and Bishop, at the foot of the precedents given by them for an indictment for an assault with intent to commit a rape, suggest, " add a count for a common assault." But admitting there is a misjoinder of counts, can it be taken advantage of by a motion in arrest of judgment ? The current of authorities, both

42

English and American, is, that it cannot be done.    Archbold, in his criminal pleadings, lays it down that an objection to a misjoinder of counts may be taken before the defendant has pleaded, or the jury are charged, by a motion to quash; or if it be not discovered until after the jury are charged, the judge may put the prosecutor to his election on which charge he will proceed; but it is no objection in arrest of judgment.    To the same effect are Wharton on Criminal Law, and Bishop on Criminal Procedure, 202 and notes 1, 2 and 3, and especially note 3, and the American cases there cited in support of the doctrine.    All these authorities go to establish the principle that where an indictment charges offences to which the law affixes distinct punishments, it may be bad for misjoinder; but after *verdict* and judgment, the judgment will not be arrested or reversed for that cause.    The defect is cured by the verdict.    But in this state, in the case of *State* v. *Johnson,* 75 N. C., 123, which was an indictment containing two counts, one for stealing a horse and concluding against the form of the statute, and the other for receiving the horse knowing it to have been stolen, this court arrested the judgment on the ground of misjoinder of counts where the grade and punishment were not the same, and PEARSON, C. J., assigned as a further reason for the arrest, " that upon the ' general verdict ' the record did not enable the court to know upon which, in other words, for which offence the prisoner should be sentenced, and no judgment can be given without inconsistency and error upon the face of the record."

But our case is distinguishable from that.    Here, that difficulty is put out of the way by the verdict of the jury acquitting the defendant of the assault with the intent to commit a rape and finding him guilty of the assault only. That would have been a good verdict if the indictment had contained only the one count for the assault with intent, for in such cases it is permitted to acquit of the higher of-

fence and find guilty of the lesser.   Whar. Cr. Law, 617,'
and Bishop Cr. Proc., 559.

The verdict then in this case must be taken to be a gen-
eral verdict on both counts for the assault, to which there is
nothing objectionable, upon the authorities.

But it may be objected that the second count in the in-
dictment charges a felony, and that in this state counts for
felony and misdemeanors cannot be joined in the same bill
of indictment.   That is so.   But when a person is indicted
for an offence as for a felony, when in fact it is no felony
but only a misdemeanor, he may be convicted of the latter
offence.   The use of the word felony in the indictment does
not raise the grade of the offence, and make that felony
which is no felony.   *State* v. *Upchurch*, 9 Ired., 454.

The defect in this indictment was cured by the verdict
and there was no ground for the arrest of the judgment.
There is no error.   Let this be certified to the superior court
of Haywood county.

PER CURIAM.                                        No error.