State *v.* Basserman.

———————◄●●●►———————

## THE STATE *vs.* GEORGE A. BASSERMAN.

New Haven Co., June T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, Js.

The act of 1882 (Session Laws 1882, ch. 107, part 2, sec. 2,) provides that where any town shall have voted against the granting of licenses for the sale of intoxicating liquors, a delivery of such liquors within such town shall be deemed a sale in such town, although the contract for the sale shall have been made in another town. Held not necessary that the prosecuting officer, to avail himself of this statute, should found his complaint upon it, but that an ordinary charge of a sale of the liquors in the town would be sufficient.

It is never necessary to aver more than the legal effect of the acts constituting an offense.

Under that statute a delivery by an agent is in all respects the same as a delivery by the vendor himself.

Aside from the statute, a delivery in one town of liquors ordered in another

town, is a sale in the former town if the liquors were not separated from others until the delivery.

Proof of a sale of liquors will sustain a charge of offering to sell.

Where a general verdict has been rendered on several counts, a defendant who has not requested the court to order separate verdicts, can not complain of it.

[Argued June 1st—decided July 8th, 1886.]

COMPLAINT for the sale, and the offering and keeping for sale, of intoxicating liquors; brought, by the appeal of the defendant from the judgment of a justice of the peace, to the Superior Court in New Haven County, and tried to the jury in that court before *Andrews, J.* There were four counts in the complaint. The jury rendered a general verdict of guilty; and the defendant appealed to this court for error in the rulings and charge of the court. The case is fully stated in the opinion.

*L. N. Blydenburgh,* with whom was *D. Strouse,* for the appellant.

*T. E. Doolittle,* State's Attorney, for the State.

GRANGER, J. This is a prosecution for a violation of the statute of 1882, (Acts of 1882, ch. 107, part 6, sec. 1,) which provides that "any person who, without license therefor, shall sell or offer or expose for sale, or shall own or keep with intent to sell, any spirituous and intoxicating liquors * * * shall be fined for the first offense not more than fifty dollars." The information contains four counts. The first charges that on the 22d day of May, 1885, the defendant, at the town of Hamden in this state, sold and delivered certain spirituous and intoxicating liquors without having a license therefor; the second and third counts that on the 8th day of July, 1885, he offered and exposed for sale spirituous and intoxicating liquors at Hamden, without a license therefor; and the fourth that on the 8th of July, 1885, at Hamden, without a license therefor, he owned and kept spirituous and intoxicating liquors with intent to

sell them. The case came to the Superior Court by the defendant's appeal from the judgment of a justice of the peace, and was tried to the jury on a single plea of not guilty. The jury brought in a general verdict of guilty and the defendant appeals to this court.

It appears by the finding of facts by the judge on the appeal that the defendant was a brewer, living and carrying on his business in the town of New Haven, to which Hamden adjoins, where he had a license for the sale of spirituous and intoxicating liquors, ale and lager beer, at wholesale and retail, and that he was in the habit of sending a wagon on regular trips, once or twice in each week, through the town of Hamden for the delivery of ale and lager beer to various persons residing there; and the State's Attorney offered evidence to prove, and claimed to have proved, that one Adolph Kleiber was the driver of the wagon and the agent of the defendant in making such deliveries. It was also proved and admitted that the town of Hamden, at its annual town meeting in October, 1884, had voted against the granting of licenses for the sale of spirituous and intoxicating liquors in the town.

Among other witnesses the State called Bela Mann, who testified as follows:—" I know Adolph Kleiber. He drives Basserman's beer wagon. I have seen him frequently with that wagon. I saw him the 8th day of July last with the wagon in Hamden. He delivered a case, or two cases, of beer on that day at the house of Mr. Rosenthal in Hamden. I had one of the bottles. It was lager beer. A case is a box with partitions in it for the bottles to stand in. A case sometimes contains a dozen bottles and sometimes two dozen. It was Basserman's wagon. The name 'George A. Basserman, Rock Brewery,' was painted on the side of it. I have seen the same wagon stop at Mr. Cresswell's and at Radcliff's." The defendant objected to the evidence for the reason that the State could not, under the averments in the complaint, prove a delivery of spirituous liquors in Hamden, the contract for which was made in New Haven. But the court overruled the objection and admitted the evidence.

The State introduced sundry other witnesses who testified to various acts of Kleiber, as that he drove said wagon, that he had done so for a year or more, that he made stated trips and stopped at houses in Hamden and left cases of bottles, etc. The defendant objected to the evidence. The Attorney for the State thereupon stated that the evidence was offered, not for the purpose of showing a sale, but for the purpose of showing, in connection with other evidence in the case, that Kleiber was the agent of the defendant. For the last mentioned purpose solely the evidence was permitted to go to the jury.

The State called John Cresswell as a witness, who testified:—" I live in Hamden. I know the man who drives Basserman's beer wagon. I do not know his name. He delivered lager beer to me at my house in Hamden. He has done so at several times. He did so once shortly before the first of July last. I ordered this beer from Basserman by a written order. The order was for a case of lager beer to be delivered to me at my house. I wrote the order in Hamden and sent it to Basserman by the driver. The beer was delivered to me a day or two afterwards—on the next trip the wagon made."

The State offered considerable other testimony. The defendant rested his case without calling any witnesses.

The defendant's counsel asked the court to charge the jury, " that under the statute (Acts 1882, p. 178, sec. 2,) which makes the delivery in a non-license town a sale by the vendor or his agent, the delivery is the crime, not the sale, and the vendor is not liable unless he also delivers himself; the intent of the law is to punish the party delivering in the town." The court did not so instruct the jury, but said to them that if they found Kleiber to have been the agent of Basserman, and as such agent delivered intoxicating liquors in the town of Hamden, such delivery would be the act of Basserman, for which he might be convicted as much as if he had made the delivery in person.

The Attorney for the State in his argument claimed from the testimony of Cresswell that the defendant was guilty of

selling intoxicating liquors in Hamden, without any reference
to the statute last referred to.    Upon this claim the court
charged the jury as follows:—"If you find that an order
was sent from Hamden to the defendant requesting him to
deliver lager beer in Hamden, and that such order did not
specify any particular case of beer, but only called for beer
generally, and if you find that in pursuance of such order
the defendant did deliver lager beer in Hamden, and that
no act had been done towards setting apart any particular
case of beer·to fill the order, until it was actually delivered
to and accepted by the purchaser in Hamden, then accord-
ing to the rule of law no title passed from Basserman to the
purchaser till that delivery, and as that, as well as the order,
was in Hamden, the sale would be in that town.    If you
find these several steps to be proved beyond a reasonable
doubt, the claim of the State's Attorney is correct."

The defendant contends that the court erred in ruling
that proof of a delivery in Hamden of lager beer contracted
for in New Haven, would sustain a general charge of selling
lager beer in Hamden under part 6, section 1, of the statute,
which forbids such sale.    The claim, as we understand it is,
that the prosecuting officer, to avail himself of the provision
of the 2d section of part 2d of the same statute, that such
a delivery in a non-license town of liquors purchased in a
license town shall be deemed a sale in the former town,
must found his complaint specifically upon that statute, and
allege the liquors to have been delivered as liquors so pur-
chased in another town.    But by the statute such a delivery
is in law a sale in the town where delivered, and it is never
necessary to aver more than the legal effect of the acts con-
stituting an offense.    The law making the delivery in Ham-
den a sale, the delivery can be charged as a sale, as in other
cases of actual sale.

The defendant further contends that after the State's At-
torney had offered evidence of a sale to Rosenthal, thereby
electing that as the sale relied on, he could not offer evi-
dence of a sale to Cresswell.

There are two answers to this objection.    First, that there

were three counts charging sales or offering for sale, and the
evidence as to a sale to Cresswell would have been admissible under either of the other two after the sale to Rosenthal had been proved under one of the counts. Proof of
an actual sale would have sustained a count for offering to
sell, and the penalty for the latter was the same.

But if there had been but a single count the objection
could not now be made. It appears that the evidence as to
the sale to Cresswell was not objected to at the trial. Under
the statute no question not made and decided in the court
below can be made by counsel here. But aside from this
statutory rule, it is clear that there could be no error in
admitting evidence not objected to.

It is then contended that the verdict is not a legal one
inasmuch as it is a general one, and does not specify what
particular charges it finds proved, so that it can never be
known of what precise offense the defendant was found
guilty. But here again the plaintiff has waived all objection to the verdict by not asking that a separate verdict
should be rendered on each count. Whether or not it be a
case where the court would have ordered such separate verdicts, yet it is clear that the defendant, not having asked for
such an order, can not now object to the general verdict.

There is clearly nothing in the further point made by the
defendant, that to make a delivery in a non-license town of
liquors sold in another town a sale in the town where delivered, such delivery must have been by the vendor himself
and not by his agent, and that the crime is that of the person delivering and not of the vendor if he is not the one
delivering. A delivery by an authorized agent is exactly
the same thing as a delivery by the principal himself. There
is no difference between the civil and the criminal law in
this respect, when once the agency has been proved. And
the statute itself makes such a delivery a sale whether made
by the vendor or his agent.

There is not only no error in the charge of the court as
to what would constitute a sale in Hamden of beer ordered
of the defendant in New Haven, but the charge is more

favorable to the defendant than he had a right to claim. The mere delivery in Hamden was under the statute a sale in Hamden, even though the beer ordered had been set apart for such delivery.

There is no error in the judgment complained of.

In this opinion the other judges concurred.