STATE v. GEORGE W. SMILEY.

*Spirituous Liquors—Local Option—Verdict.*

1. The Local Option Law does not repeal or affect the statute which requires a license to retail liquors, but merely takes from the County Commissioners the power to grant such licenses within the territory where the Local Option Law has been put into operation.

2. Where there are two counts in an indictment and a general verdict of guilty is rendered, if either count be good, judgment will not be arrested.

INDICTMENT, for unlawfully selling spirituous liquors, tried before *Connor, J,* at July Term, 1888, of the Superior Court of ROCKINGHAM County.

The indictment contained two counts: One for selling in violation of the Local Option Law in the town of Reidsville,

on the 5th of April, 1888, and the other for selling spirituous liquors by the measure and quantity, less than a quart, without having license to retail, &c.

There was proof of sale, and it was admitted that local option prevailed in said town at the time of sale, and at the time the defendant was bound over to the Superior Court under a Justice's warrant, and it was further admitted that at the time of the trial and prayer for judgment local option did *not* prevail in said locality, by reason of an election held as provided by law on the first Monday in June, 1888. It was also proved that six months had not elapsed, as charged in the indictment. There was a general verdict of guilty, and the defendant moved in arrest of judgment:

" 1. For that at the time of the trial and prayer for judgment local option did not prevail in said locality.

2. That the effect of the adoption of the local option law being to suspend the license law, the charge in the second count does not amount to an offence."

Motion denied, judgment, and appeal.

*The Attorney General,* for the State
*Mr. H. R. Scott,* for the defendant.


DAVIS, J. (after stating the case.) That the repeal of a statute pending a prosecution for an offence created by it puts an end to the prosecution, is too well settled to need the citation of authority; but whether there be a difference between a repeal by legislative enactment and an election under the local option law reversing a former election by which the sale of spirituous, vinous or malt liquors was made unlawful, as insisted upon by the Attorney General on the one side and controverted by counsel for the defendant on the other, it is unnecessary for us to decide, as it is clear that the law which forbids the retailing of spirituous liquors without license was not repealed, suspended, or in any way affected by the

local option law, except to prohibit the Commissioners of the county from granting license to retail spirituous liquors at all to any person within a locality in which there has been a majorty vote for "*no license.*" Whether local option prevails or not, it is alike unlawful to retail without license, and the provisions of chapter 32 of *The Code,* as amended by chapter 215 of the Acts of 1887, so far from being in conflict with § 1076 of *The Code,* which prohibits the sale of "spirituous liquors by small measure" without license, are in harmony with that section, and the verdict being general, if either count be good, the judgment will not be arrested. *State* v. *Miller,* 7 Ired., 275; *State* v. *Williams,* 9 Ired., 140; *State* v. *McCauless,* 9 Ired , 375; *State* v. *Beatty,* Phil., 52.

There is no error.                          Affirmed.