*THE STATE v. LAURA TOOLE.

*General Verdict—Nuisance—Indictment.*

1. When a ribald song, containing the stanza charged in the indictment, is sung in a loud and boisterous manner on the public street, in the presence of divers persons then and there present, and such singing continues for the space of ten minutes, this is a nuisance, though the special words charged may not have been repeated.

2. When there is a general verdict of guilty on an indictment containing several counts, and only one sentence is imposed, if some of the counts are defective the judgment will be supported by the good count: and, in like manner, if the verdict as to any of the counts is subject to objection for admission of improper testimony or erroneous instruction, the sentence will be supported by the verdict on the other counts, unless the error was such as might or could have affected the verdict on them. *State* v. *McCanless*, 9 Ired., 375, overruled.

3. A defendant has the right to require a separate verdict to be rendered on each count, as he has the right to require the jury to be polled; but this is a privilege, and there is not error unless the defendant asks for a separate verdict, or that the jury be polled, and is refused. He waives the right to insist on them if not asked for in apt time.

AVERY, J., and SHEPHERD, J., dissenting.

This was an INDICTMENT FOR NUISANCE, tried before *Meares, J.*, at August Term, 1889, of MECKLENBURG Criminal Court.

There were two counts in the indictment, and a general verdict of guilty. The first count charged the loud and boisterous use of a single profane sentence in a public place, &c., and its repetition for the space of ten minutes, to common nuisance, &c. The second count charged the singing in a loud and boisterous manner on the public streets, &c., of an obscene song (setting out five lines thereof), and the repetition thereof for the space of ten minutes, in the presence of divers persons then and there present, to the com-

* Head-notes by CLARK, J.

mon nuisance.   The indictment was in the usual form, and no objection was taken thereto.

On the first count there was evidence tending to show that the profane expression charged therein was used once; that it was on the public street, in hearing of divers persons, and defendant continued to talk in a loud and boisterous manner; but there was no evidence that this expression was used more than once, or that any other profane words were used.

On the second count there was evidence by the State that, on the public street, in the hearing of divers persons present then and there, the defendant passed along, singing a ribald song in a loud and boisterous manner, in which occurred the five lines charged; that the singing of such vulgar and obscene song continued for the space of ten minutes, and was loud enough to be heard by many persons, but witnesses could not say whether the words charged were repeated.

The defendant offered evidence to contradict the State's witnesses on both counts, and asked the Court to charge:

" If the defendant uttered the words set forth in the first count only a single time, she would not be guilty; and likewise, if she uttered the words set forth in the second count only one time, she would not be guilty."

The Court refused so to charge, and defendant excepted.

The jury returned a general verdict of guilty.   From the judgment pronounced the defendant appealed, assigning as error the exception above stated.

*The Attorney General*, for the State.
No counsel *contra.*

CLARK, J.—after stating the facts: Four witnesses for the State testified that the defendant passed along a thickly settled street in the city of Charlotte, singing the obscene song

106—47

set forth in the second count, in a boisterous manner and loud enough to have been heard in several houses; that such loud, boisterous and obscene singing continued for the space of ten minutes, but they could not testify that the particular words set out in the bill were used more than once. The defendant testified that she did not sing such song, and also introduced several witnesses who testified that they lived in that neighborhood near enough to have heard her, and that they did not hear her sing the song as charged. We think it was not error for the Court to refuse to instruct the jury, as asked, that "if the defendant uttered the words set forth in the second count only one time, she would not be guilty." The use of the vulgar stanza set out, if uttered as part of a longer song of similar tenor, extending over a period of ten minutes along a public street, would be a nuisance, even though the identical words set out may not have been repeated. If this were not so, the perpetrators of such conduct could not be punished, unless the hearers are quick enough of ear to catch, and tenacious of memory to retain, the whole of a vile song which disgusts them, and not even then, unless there was repetition. The nuisance complained of, in effect, is the loud and boisterous singing for ten minutes of an obscene song, containing the stanza charged, on a public street, in the hearing of divers persons then and there present. This, though done only on a *single occasion*, may be a nuisance. *State* v. *Chrisp*, 85 N. C., 528.

There having been a general verdict of guilty on two counts, for offences punishable alike, it is immaterial to consider, as to the other count, whether there was error committed or not, unless it was such error as might or could affect the verdict of guilty on the second count, and such is not the case here  When there are several counts in the bill, and there is a general verdict of guilty (or not guilty), that is a verdict, as to each of the counts, of guilty (or of not guilty, as the case may be). If it is a general verdict of not guilty,

the defendant is entitled to his discharge. If it is a general verdict of guilty upon an indictment containing several counts, charging offences of the same grade, and punishable alike, the verdict upon any one, if valid, supports the judgment, and it is immaterial that the verdict as to the other counts is not good, either by reason of defective counts, or by the admission of incompetent evidence, or giving objectionable instructions as to such other counts, provided the errors complained of do not affect the valid verdict rendered on this count.

"To require each distinct though cognate offence to be placed in a separate indictment is to oppress the defendant by loading him with unnecessary costs, and exposing him to the exhaustion of a series of trials, which the prosecution would encounter with unwaning strength, and with the benefit derived from a knowledge of its own case and that of the defendant." In criminal cases the practice of uniting counts for cognate offences has always been encouraged, not merely because in this way the labor of the Courts and the expenses of prosecution are greatly diminished, but because it relieves defendants of the oppressiveness which would result from the splitting of prosecutions. Wharton's Cr. Pl., & Pr. (9th Ed.), 910. Indeed, with this view, the Court will, in a proper case, require a consolidation of separate indictments and treat them as counts in one bill. This was done in the famous tea suits before Judge WASHINGTON, in which a separate libel was brought for each of a thousand chests of tea, alleged to have been smuggled. In *State* v. *McNeill*, 93 N. C., 552, the Court sustained the consolidation of four separate indictments, and treated them as four counts in one indictment. It is usually a benefit to defendants to combine several counts in one trial. When the defendant thinks he will be damaged by the joinder of several counts in the same indictment, it is open to him to move to quash, or to require the Solicitor to

elect upon which count he will proceed. *State* v. *Reel*, 80 N. C., 442.

Each count is, in fact and theory, a separate indictment. *United States* v. *Malone*, 20 Blatch., 137. In *State* v. *Johnson*, 5 Jones, 221, it is held that a second indictment may be treated as a second count. To the same effect, *State* v. *Brown*, 95 N. C., 685; *State* v. *Watts*, 82 N. C., 656, and even though they charge different felonies. *State* v. *Reel, supra.*

A general verdict of guilty is a verdict of guilty on each and every count. Whart. Crim. Pl. & Pr. (9th Ed.) §§ 292, 738, 771, 907, and cases there cited; also *Hawker* v. *People*, 75 N. Y., 487; *Kane* v. *People*, 8 Wendell, 203; *Moody* v. *State*, 1 W. Va., 337. Indeed, the authorities are uniform and numerous to this effect.

Where the offences are distinct, the Court can impose a sentence on each count; but where it is a stating of the same offence, in different ways, only one sentence should be imposed. *Commonwealth* v. *Birdsall*, 69 Pa. St., 482; *Commonwealth* v. *Sylvester*, Brightley, 331; Whart. Am. Cr. Law (Ed. 1868), 417, 421; *State* v. *Hood*, 51 Me., 363; *Crawley* v. *Commonwealth*, 11 Metc., 575; *Elridge* v. *State*, 37 Ohio St., 191. If only one sentence is imposed, this is treated as a discontinuance as to all but one verdict. It is open to defendant to have the jury render a separate verdict upon each count, and to have also a separate sentence on each, if he so desires. If he makes no objection to a general verdict, and only one sentence is imposed, it has always been held in this State that if one or more counts are defective, the sentence will be supported by the good count, if there be one. *State* v *Morrison*, 2 Ired., 9; *State* v. *Miller*, 7 Ired., 275; *State* v. *Williams*, 9 Ired., 140; *State* v. *Speight*, 69 N. C., 72; *State* v. *Bailey*, 73 N. C., 70; *State* v. *Beatty*, Phil., 52. The same rule prevails generally. Whart. Cr. Pl. & Pr. (9th Ed., § 292); Chitty's Cr. L., 4 Am. Ed., 640; Bish. Cr. Pr., 841. Lord Mansfield, in *Grant* v. *Astle*, 2 Doug., 730, regrets

that this rule did not apply in civil cases also, which it could not do under the practice then obtaining of a single issue. And a general verdict of guilty will be sustained though the counts are inconsistent. *State* v. *Baker*, 63 N. C., 276; *United States* v. *Pirates*, 5 Wheat, 184.

Where there are several counts, and evidence was offered with reference to one only, the verdict, though general, will be presumed to have been given on that alone. *State* v. *Long*, 7 Jones, 24; *State* v. *Bugbee*, 22 Vermont, 32. In the latter case, the Court say: "There was no evidence tending to support the second count, and the jury should have been so charged. But the conviction on the first count was right. The Court will not arrest the sentence by granting a new trial, but will sentence on that count alone upon which the conviction was properly had, though the jury returned a general verdict of guilty. This is in analogy to cases where there has been a general verdict of guilty on several counts when a part of them is bad."

For the same reason, in *State* v. *Stroud*, 95 N. C., 626, it is held by ASHE, J., that a general verdict of guilty upon two counts will be sustained, if the evidence justifies either. The objection made in that case was, that certain evidence was not admissible, and, therefore, that the instruction to the jury was erroneous upon one of the counts. The Court, in the opinion, says that it makes no difference, if the evidence was applicable to either count. To the same effect is *Hudson* v. *State*, 1 Blackf. (Ind.), 317, and *State* v. *Pusey*, 7 Rich., 484 The same general principle as to verdicts upon indictments containing several counts is laid down by Mr. Justice DAVIS in *State* v. *Smiley*, 101 N. C., 709, and Mr. Justice SHEPHERD in *State* v. *Allen*, 103 N. C., 433, the two latest cases on the subject.

In opposition to the numerous authorities to the same effect is *State* v. *McCauless*, 9 Ired., 375, which seems to distinguish the case where the error complained of is an erro-

neous charge as to one of the counts, but we fail to see the force of the distinction.   As we have seen, when there is a general verdict on several counts, held bv the Court below to be valid, and some of the counts are held invalid in this Court, the judgment is supported by the valid count.   State v. *Morrison*, 2 Ired., 9, and other cases *supra*.   And when incompetent evidence is admitted as to one count, the judgment is imputed to be given on the other count.   State v. *Stroud* and State v. *Smiley*.   We see no difference whether the verdict on the count assailed is invalid upon those grounds, or for erroneous instructions.   The principle is this: That when there is a general verdict of guilty upon a bill containing several counts, there being as many verdicts of guilty as there are counts, if the offences are punishable alike and of the same grade, any one of the verdicts, if valid, supports the judgment and defendant cannot complain.   In a case like ours, the Supreme Court of South Carolina, in State v. *Dawkins*, in an opinion filed at this term and to appear in the next volume of South Carolina Reports, have held, as we do, that where there is a general verdict upon two counts, if one of the verdicts is good, "it is immaterial that there was error in the charge of the Court upon the other counts."

It cannot be said that the Judge imposed the sentence upon the objectionable count or verdict, for the law places it on the valid count and unobjectionable verdict.   Nor that his judgment was increased by reason of the number of the counts, for so long as the judgment on the valid verdict is within the limits allowed by law for the offence charged in it, this Court cannot find error.

It is consonant to precedent and the reason of the thing, that when there is a verdict against a defendant to which no error can be assigned, and a judgment is pronounced thereon within the limits allowed by law, such verdict and judgment should not be disturbed by reason of defects, whether in the indictment, the evidence or the instructions, alleged

as to other verdicts against the same defendant, and it can make no difference whether such other verdicts are in other indictments or on other counts in the same indictment, if they are such errors as do not, and cannot, affect the valid verdict.

In the present case, the defendant was charged in separate counts for different offences, but of the same grade and punishable alike. She might have been tried on two separate indictments, but she made no objection, and the Court had the discretion to try in one ac'ion. By the general verdict, there stand two verdicts of guilty against her. As to one, no valid objection has been raised, and the judgment upon it is such as the law authorizes. She is not entitled to a new trial upon that, and it can serve no good purpose to give or refuse a new trial as to the other verdict, which is surplusage. If there was error, it was *error immaterial to the verdict on the second count*, and, there being but one sentence, it is placed upon the sound verdict, as it would be placed on the sound count, if the other were defective.

It would put the State to a great disadvantage and greatly increase the difficulties and technicalities which already hamper the administration of justice upon the merits, if, when a defendant is tried upon several counts (which practice is favored to save defendants unnecessary costs), and found guilty upon all, a slight error in the Judge's charge upon one count, in no wise affecting the trial on the other counts, should be allowed to vitiate the verdicts on all the other counts, though no error whatever can be found against the verdicts thereon. The rule herein stated can work no hardship to defendants, for they can always move to quash or to require the Solicitor to elect, which motion, it is to be taken, the presiding Judge, in all proper cases, will allow. *State* v. *Reel, supra; Carlton* v. *Commonwealth*, 5 Met., 532.

The defendant also has the right to require a separate verdict to be rendered on each count if he doubts that the

general verdict of guilty applies to all, and if he does not ask to have this done he cannot afterwards be heard to complain. *State* v. *Basserman,* 54 Conn., 88. It is like the right to have the jury polled, which is waived unless asked for at the time. *State* v. *Young,* 77 N. C., 498. ·

SHEPHERD, J., dissenting: The defendant was indicted in two counts for *distinct* offences. It is conceded that the Court erred in refusing to give the defendant's prayer for instruction to the effect that the testimony was insufficient to sustain a conviction on the first count. There was a general verdict of guilty, and it is, I think, improperly held by the Court that the defendant must lose the benefit of her exception because she did not request the Court to require a separate finding upon each count. This, it seems to me, is a novelty in the criminal practice of this State, and so opposed to the general principles controlling criminal trials that I am constrained to enter my dissent I concur in nearly all of the general propositions laid down in the opinion of the Court, but deny that they have any application to the case before us. It is undoubtedly true that where there is a general verdict of guilty, and some of the counts are defective, the law presumes that the conviction was upon the good counts; but this is held *only upon motions in arrest of judgment,* in which it is *assumed* that there was evidence upon the good counts, and that no error was committed on the trial.

It is also conceded that where there are defective counts, and evidence is offered as to the *good count only,* it will be presumed that the verdict was upon the good counts, and a general verdict will be sustained on a motion for a new trial. *State* v. *Long,* 7 Jones, 24. In *none* of the cases cited in the opinion was it decided that a general verdict will be sustained *upon a motion for a new trial,* where it appears that

the Court has erroneously instructed the jury, or where there is not sufficient testimony to sustain a conviction upon all of the counts, and especially upon all of the good ones. The error of the Court consists, I think, in a failure to observe this fundamental distinction. The jury may have believed only the testimony bearing upon the count which was the subject of the erroneous charge, and yet we are called upon to assume that they acted only upon testimony relating to the second count. This, as I have remarked, is something new in the criminal practice in North Carolina, and is, in my opinion, not only unsupported by reason or authority, but is *directly* opposed to the rulings of this Court.

It has generally been understood that when a defendant makes his objection to testimony, or presents his prayer for instruction in *apt time*, he has done all that can reasonably be required of him, and that it is the duty of the Court to conduct the trial to a proper conclusion. In lieu of this plain and well-settled practice, it is now proposed to make it the duty of the defendant to interfere and assist the Court in extricating itself from an erroneous ruling, upon the penalty of losing the benefit of his exceptions.

Sympathizing, as I do, with the policy of trying cases upon their merits, and relieving the administration of the criminal law of many useless refinements and technicalities, I fail to see what evil is to be remedied or good accomplished by the present ruling of the Court. In this case the Judge erred; the defendant excepted, and having this express notice that the objection was to be insisted upon, the Solicitor failed to *nol. pros.* the first count or to ask for a separate verdict, and the Court failed to direct such a verdict, although it might have done so *ex mero motu*. Where is the public exigency that requires the defendant to act in such a case instead of the Court, which has committed the error? I know of no authority in support of such a complete reversal of the position of the State and the defendant in a criminal

prosecution. It is, clearly, not found in the opinion of the Court. Nearly all of the numerous authorities cited therein relate only to the general principle which I have conceded, and there are but five cases which seem to be relied upon in support of the particular question here presented. *State* v. *Smiley*, 101 N. C., 709, only decides that upon a *motion in arrest of judgment* a general verdict will be sustained if " either count be good." This, as we have seen, is conceded, and it is plain that the case has no bearing upon the question under consideration. Equally inapplicable is *State* v. *Allen*, 103 N. C, 433. In that case there was no error in the rulings of the Court, and the only point decided was that a general verdict would be sustained in an indictment for larceny and receiving. The only case which I think at all approaches the point is *State* v. *Stroud*, 95 N. C., 626. An examination of that case will disclose that there was no exception whatever to the admission of testimony, and the Court held that there was no error in any of the rulings of the Judge. How, then, can such a case be regarded as authority upon a question which can only arise where there has been some erroneous ruling on the part of the Court? What was said, therefore, by the learned Justice who delivered the opinion can only be regarded as a *dictum*, and as the two counts were based upon the same transaction, and the evidence was applicable to both, it is not very clear that the remarks of the Justice furnish sufficient ground to warrant the inference which is sought to be drawn from them. It cannot be seriously contended that the case *decided* the point which we are considering. In *Hudson* v. *State*, 1 Blackford's R., 319, the indictment contained two counts, "one charging Hudson with shooting an Indian, the other with aiding and assisting another man in stabbing him." The Court held that "evidence of the aid and assistance charged in the second count was sufficient to support the charge of shooting set out in the first count," and

a general verdict of guilty was sustained. How a case in which there is sufficient evidence to warrant a finding upon both counts is authority in one where there is only sufficient evidence to sustain a finding upon *one* count I am unable to understand. This is all that the case decides, and it does not, therefore, apply to the question under discussion.

I now come to the remaining case, which is *State* v. *Basserman*, 54 Conn., 92, in which it was said that it is the duty of the defendant in a case like ours to ask for a separate verdict upon each count. These remarks, like those in *Stroud's* case, were unnecessary, as the Court expressly decided that the testimony in question was not only competent, but had not been objected to. Thus it is seen that there are only these two *dicta* (one of which is not at all clear) to be found in all of the cases cited, which tend to sustain the decision of the Court. It is not a little strange, if the position is correct, that no *direct* authority, either from the text-books or the reports, can be found in its support, and yet it is proposed, in the absence of any exigency requiring it, to overrule an express decision of this Court, and work a very great change in an important particular in the conduct of jury trials in criminal cases. The decision of the Court in *State* v. *McCauless*, 9 Ired., 375, is *directly* in point. Indeed, the case is precisely like ours in every respect. PEARSON, J., for the Court, says: "We think his Honor erred in the instruction given. It is insisted that, the defendants being properly convicted upon the second count, that will sustain the judgment, notwithstanding the error in the charge in reference to the first count. It is true, when one count in an indictment is defective, and another count good, and there is a general verdict, a motion in arrest cannot be sustained, for the good count warrants the judgment, and, although the punishment is *discretionary*, the judgment is presumed to have been given upon the good count. In this case *both counts were good.* There was error in the instruc-

tion given in one of the counts, by reason whereof the defendants were improperly convicted upon that count, and are entitled to a *venire de novo*."

In *State* v. *Williams*, 9 Ired., 150, the same principle is affirmed by RUFFIN, C. J. Eight of the counts were defective, and it was contended that, as to these, there was error in the charge, and that there should be a new trial, there having been a general verdict. The Court said: "For it is argued the case is not within the rule that there may be judgment on an indictment containing defective counts if there be a good one, *because that proceeds on the ground that there was evidence to authorize a conviction on each and all of the counts*, whereas here the jury were told, it is said, that they might convict upon all, if they thought the prisoner was guilty upon any one. *If that be true, there ought to be a venire de novo*, certainly; for, unquestionably, the eight counts are bad, in which a taking without conveying, and a conveying without a taking, are respectively charged." The Court sustained the conviction only because it appeared that the trial Judge had, in his charge, "explicitly put these counts (the defective ones) out of the case." The irresistible inference to be drawn from the opinion is, that if these counts had not been put out of the case, the general verdict would not have been sustained.

I prefer to stand by the decisions of these distinguished jurists, especially as they seem to be in accord with the true spirit of the practice governing the administration of the criminal law, and there is no advantage, in any respect, to be gained by departing from them.

No harm can come to the State by the existing practice, as it is always, as I have said, in the power of the Court to direct separate findings upon each count, or for the Solicitor to *nol. pros.* the count upon which there has been an erroneous ruling.

AVERY, J.—dissenting: I feel constrained to express my dissent, though my brother SHEPHERD has relieved me, by a very clear and elaborate presentation of the law, and a full citation of authorities, of the trouble or necessity of extended discussion. I do not think that the legal proposition upon which the opinion of the Court is founded is supported by the previous adjudications of our own Court. I feel assured that the new principle, when adopted in practice, will prove unjust and oppressive to ignorant and helpless people who are sometimes arraigned in the Courts upon false and groundless charges; and its enforcement will vindicate the wisdom of the old rule, which did not relieve the State of the laboring oar from the arraignment of a prisoner till the final judgment was entered against him. The opinion is, I think, misleading in assuming that the power and duty of the Court to proceed to judgment after verdict upon several counts, one of which is good and the others defective, has been drawn in question. In such cases, a motion in arrest of judgment cannot be sustained. In this we can all heartily concur, because it does not appear upon the face of the record that the trial Judge has committed any error, and it does not imperil the rights or liberty of any one to assume that the conviction was upon the good count, and that the trial upon it, in the absence of any exception that opens the way for us to look behind the verdict, was fair and just. But I cannot concede, or, by silence, acquiesce in the ruling, that when a defendant points out an error of the Judge, to which he excepted in apt time in the Court below, either in the refusal to admit competent testimony offered, or the admission of incompetent testimony objected to bearing upon one or two good counts in the indictment upon which he is being tried, or in the misdirection of the jury as to such count, he is to be deprived of the right of a new trial, when it is admitted that the Judge made an erroneous ruling because the defendant did not go further, and while the

Court and Solicitor remained passive, demand separate verdicts upon the different counts in the indictment. It seems to me that when we shift the burden of calling for distinct findings upon the Courts from the prosecuting officer to the prisoner, we have gone one step in the direction of wiping out the fundamental principle, that every citizen is presumed to be innocent until his guilt is proven and established by the verdict of a jury. Included in this rule, and distinctly legible between the lines, the Courts and legal profession have read and acted upon the principle, that when a defendant assigned in the way prescribed by law an error of the Court *that might have lead to* (not that it did cause) his conviction, he had a right to demand a new trial. It is not denied that in the cause before us the jury might have discredited all testimony tending to show that the defendant uttered the oath, as charged in the first count of the indictment. If so, it would follow that she is to be punished, when the only credible testimony applied to the second count, and she must have been convicted on that, though she would not have been, if the Court had not misdirected the jury as to the law. The dirty and disgusting details of this trial are naturally calculated to make us forget that, even in such cases, there may be a great principle involved that permeates the whole criminal practice and affects the security of even good citizens when called upon to answer false charges It will prove more than questionable progress if, under the specious plea of dispensing with technicalities and allowing no guilty man to use them as a shelter, we break down any of the barriers that have been thrown around the people, both innocent and guilty, and make it possible, by the failure on the part of the accused, to make a purely technical request, in apt time, to cover up an admitted error of a Judge charged with the administration of the criminal law.

It seems to be conceded that the cause of *State* v. *McCauless*, 9 Ired., 375, is not in harmony with the principle announced in the opinion of the Court in this case, and it cannot be denied that the case of *State* v. *Williams*, 9 Ired., 150, is equally irreconcilable with the construction now given by the Court to the case of *State* v. *Stroud*, 95 N. C., 626. If my brother SHEPHERD is not justified in characterizing the authority relied upon as an inadvertent expression, it would follow that the Court intended in *State* v. *Stroud* to overrule, in a single sentence, two well considered opinions delivered for the Court by Chief Justice RUFFIN, without dignifying them by the slightest notice. I am satisfied that such a conclusion would be unjust to this Court, and to the learned and careful Justice who spoke for them in *State* v. *Stroud*.

If there is any conflict in our authorities upon this subject, except that raised by a dictum, which seems to have been especially controverted by Justice SHEPHERD, the most satisfactory solution of the trouble will be reached by adhering to the merciful rule, and throwing the burden upon an able Judge and competent prosecuting officer of making clear the meaning of the jury by requiring findings upon the separate counts. This would be in accord with every principle of our system of administering the criminal law, which is founded upon the idea that every man is presumed to be innocent till he is shown to be guilty, and that the government takes the burden of establishing his guilt at every stage of the prosecution.

*Per Curiam.*                                               Affirmed.