STATE v. A. P. EDWARDS.

*Indictment—Retailing Without License—Violation of Revenue Act—Jurisdiction—Practice.*

1. Section 1076 of *The Code* is not repealed or suspended by the provisions of section 35, chapter 294, Acts of 1893, and the Superior Court (or a Criminal Court of like jurisdiction) has cognizance of the offence of retailing without license.

2. So, also, such Court has jurisdiction of an indictment for violation of the offence created by section 35, chapter 294, unless it appears in evidence that the offence was created within twelve months before finding the bill.

3. Where there are two counts in a bill of indictment, one good and the other defective, and a general verdict of guilty thereon, the presumption is that the conviction was upon the good count, and that the evidence supported the conviction.

Indictment tried before *Carter, J.,* at April Term, 1893, of the Criminal Court of BUNCOMBE County.

The facts are stated in the opinion. Defendant appealed.

*The Attorney General,* for the State.
*No counsel,* contra.

BURWELL, J.: The bill of indictment on which the defendant was tried contained two counts, one for unlawfully retailing spirituous liquors, and one for unlawfully selling them in quantities less than a gallon, to-wit, by the quart. The jury found a general verdict of guilty. Of the misdemeanor charged in the first count, the Court in which the trial took place clearly had jurisdiction. The offence there specified was the violation of *The Code,* § 1076, and not of section 35, of chapter 294, of the Acts of 1893 (Revenue Act). The latter act does not at all repeal or suspend the operation of the former, or in any way interfere with the enforcement of its provisions. *State* v. *Newcomb,* 107 N. C., 900. This count being good, it is presumed that the conviction was upon it (*State* v. *Toole,* 106 N. C., 736), and that the evidence supported that conviction, there being no exception on that score. Hence, it becomes unimportant to consider the second count; but that also was good, as it would be sustained, unless there was evidence that showed that the offence against the State Revenue Act therein charged was committed within twelve months before the finding of the bill. *The Code,* § 892; Acts 1889, ch. 504; *State* v. *Dalton,* 101 N. C., 680. What has been said disposes of the defendant's motion to " dismiss the action for want of jurisdiction," and also of his motion to quash the bill for the same cause.

The judgment of the Court is in strict accordance with the provisions of the act therein referred to.

No Error.