STATE v. MAGGIE LEE et al.

*Indictment, sufficiency of—Second Indictment at Same Term— Counts—Verdict—Practice.*

1. Where, after verdict and judgment, the Court set the same aside and granted a new trial, it was allowable to put the defendants upon trial on a new indictment found at the same term, upon the same testimony of the same witnesses, the two bills being treated as several counts in the same indictment.

2. Where, upon an indictment containing two counts, one of which is good, there is a general verdict of guilty, the verdict will be presumed to be on the valid count and will support the judgment.

3. Where a verdict of guilty was set aside in the discretion of the Judge and a new trial was heard upon another bill, there was nothing to support a plea of former conviction, for if the first indictment was defective so as to warrant arrest of judgment the defendants cannot be considered as having been in jeopardy.

4. Where an indictment is of doubtful validity it is proper practice to send a second bill at the same term at which the first stood for trial.

INDICTMENT under section 985, subsection 7 of *The Code*, for an attempt to burn a dwelling-house, tried before *Winston, J.*, at December Term, 1893, of FORSYTH Superior Court.

The defendants were convicted, and appealed.

The facts appear in the opinion of Associate Justice CLARK.

*The Attorney General*, for the State.
*Mr. J. S. Grogan*, for defendants (appellants).

CLARK, J.: After verdict and judgment the defendants moved in arrest of judgment. The Court, as a matter of discretion, set aside the verdict and sentence, granting a new trial. A new bill was found at the same term upon testimony of same witnesses, stating the same charge more explictly. The defendants were again put to trial, treating the two bills as several counts in the same indictment. This was admissible. *State v. Johnson*, 50 N. C., 221; *State v. Brown*, 95 N. C., 685; *State v. McNeill*, 93 N. C., 552. As the second count is unquestionably good it is immaterial to consider whether the first count was good or not. There having been a general verdict of guilty on two counts, the law will place the verdict upon the good count. *State v. Edwards*, 113 N. C., 653; *State v. Toole*, 106 N. C., 736. The reason of this is that a general verdict on two counts is in effect two verdicts of guilty, one as to each count, and the verdict on the valid count supports the judgment. The defendants, if they had so chosen, might have had the jury to respond severally to each count. *State v. Basserman*, 54 Conn., 88; *State v. Toole, supra*, and cases there cited.

As to the plea of former conviction, the former verdict was against the defendants, and having been set aside in

the discretion of the Court, nothing remains to support the plea of a former conviction. If the first count was defective, so that judgment should have been arrested, the defendants have not been in former jeopardy. *State* v. *England,* 78 N. C., 552.

It was perfectly proper to send a second bill at the same term. *State* v. *Harris,* 91 N. C., 656. Indeed, this Court has recommended if a bill is of doubtful validity to send a second bill at the same term and not to postpone trial thereon, as a matter of course, till another term. *State* v. *Skidmore,* 109 N. C., 797; *State* v. *Flowers, Ibid.,* 841, 845. Justice should be administered promptly and without unnecessary cost to the public, to the defendant or the witnesses. *State* v. *Caldwell,* 112 N. C., 854.

No Error.