### STATE v. WILL ALSTON.

(Filed 1 March, 1922.)

**1. Intoxicating Liquor—Spirituous Liquor—Indictment—Several Counts —Instruction—Burden of Proof.**

Where the defendant is on trial under two counts of an indictment, one for having whiskey in his possession for the purpose of sale, and the other that he had received more than one quart of it within fifteen consecutive days, evidence that he denied ownership of the whiskey, more than two quarts and less than one gallon, which was hidden in his barn, and found by the officer only after a careful search, with the other evidence of empty jugs in his home smelling of whiskey, *is held* sufficient to sustain a general verdict of guilty upon the open question of fact as to defendant's guilt, under a charge that the State was required to satisfy the jury thereof beyond a reasonable doubt.

**2. Same—General Verdict.**

Where the defendant is tried for the violation of the prohibition law under several counts in the indictment, a general verdict of guilty will be sustained, if the conviction was valid as to any one of them.

**3. Intoxicating Liquor—Spirituous Liquor—Receipt of More Than One Quart—Evidence—Questions for Jury—Trials.**

Where a jug containing two quarts of whiskey was found by the officer making the arrest carefully hidden in the defendant's barn, the jury may infer, and find for their verdict, that he had received at one time more than one quart of intoxicating liquor, within the time prohibited by the statute.

**4. Same—Instructions—Possession—Presumptions—Appeal and Error.**

Where there is evidence on the trial tending to show that the defendant had carefully concealed in his barn more than two quarts of whiskey, the

ownership of which he denied, and an empty jug smelling of whiskey was found in his hands in his dwelling by the officer making the arrest, a charge of the court that places the burden of showing guilt of the defendant beyond a reasonable doubt upon the State, and emphasizes the position of the defendant that there is no presumption thereof from the possession of less than one gallon, but leaves it an open question for the jury, is not error.

·APPEAL by defendant from *Cranmer, J.,* at October Term, 1921, of CHATHAM.

The defendant was indicted under the statute in two separate counts, in that he had whiskey in his possession for the purpose of sale; and that he received more than a quart of it within fifteen consecutive days.

John Burns testified for the State that he was a special deputy in Chatham County, and on 18 March, 1921, he went to the home of the defendant and searched his house and his barn. He searched the house first and found one one-half gallon jug empty, which had had whiskey in it; then seached the barn and found a jug that had some whiskey in it. He arrested the defendant and carried him to the defendant's father's home and delivered him to Sheriff Blair. He went back to the defendant's barn, made another search and found a one-half gallon jug full of whiskey; that he took this whiskey and carried it to Pittsboro with the defendant; that the witness asked the defendant to whom the whiskey belonged, and he said that it did not belong to him. The total amount of whiskey seized was less than one gallon. When the officer found the first jug the defendant was in his barn and had the jug in his hands, in the act of sitting it down, when the witness walked in the barn door. The whiskey was measured at the preliminary hearing and less than one gallon was found.

The State rested, and defendant moved for judgment as of nonsuit. Motion overruled.

Defendant was convicted by a general verdict of guilty, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Long & Bell and Wade Barker for defendant.*

WALKER, J. The defendant requested that several instructions submitted by him be given to the jury: First, that there was no evidence that he had the whiskey in his possession for the purpose of sale; and, second, that there is no presumption of that fact, and that the law presumes that the defendant acquired possession of the whiskey lawfully; and, third, that the possession by him of more than one quart of whiskey was not *prima facie* evidence that he had received more than one quart

during any fifteen consecutive days, nor is there any presumption raised that he received more than one quart oftener than fifteen consecutive days, nor that he received more than one quart at any one time.

The court in responding to these prayers stated distinctly to the jury, and in language which could not have been misunderstood by them, that no *prima facie,* or presumptive, case had been made against the defendant, but submitted the evidence to the jury, under proper instructions, as to the law, to find as an open question of fact whether the defendant was guilty. The charge was entirely fair to the defendant, and even more favorable to him than was necessary, or required by the law that it should be. The defendant was indicted in more than one count, and if the conviction was valid as to any one of the counts this is sufficient in law to sustain the judgment. It was so held in *S. v. Coleman,* 178 N. C., 757, where the indictment charged:

(1) Possession of liquor with the purpose of sale.

(2) Receipt of more than one quart at a time.

(3) Receipt of more than one quart at a time in a single package.

(4) Transportation of the liquor.

The Court, by *Justice Allen,* there held: "The third exception is to the failure to fully explain the law to the jury, but there was no legal principle involved beyond the doctrine of reasonable doubt, which was correctly stated, except as bearing on the first count, upon which the defendant was acquitted, and the fourth. On the second and third counts the controversy was one of fact as to whether the liquor was received by the defendant or Scott. We do not approve the charge on the fourth count. This does not, however, entitle the defendant to a new trial, because there are two good counts as to which there is no error, and it is well settled in this State that where there is more than one count in the indictment, and there is a general verdict, this is a verdict of guilty on each count, and if there is an error as to one or more counts by reason of any defect therein, or an erroneous charge as to said count, or lack of evidence, the verdict will be imputed to the sound count in the indictment, as to which there was no erroneous instruction, and upon which evidence is offered," citing *S. v. Toole,* 106 N. C., 736, where, as said by *Justice Allen,* "The authorities to that effect, which are numerous, are collected." See, also, *S. v. Holder,* 133 N. C., 711.

There certainly was some evidence here that the defendant had received the liquor, or a part of it, consisting of more than one quart, at the same time, in one container, or package. He was found with one jug containing two quarts, which he could not well have had in his possession unless he had received it somewhere or from somebody. There was nothing but a simple question of fact upon the testimony, which was brief, whether the defendant had received more than one quart within the

period of time fixed by the statute. The court gave the defendant the full benefit of the presumption of innocence, and the doctrine of reasonable doubt, and no fault can be found with the charge in this respect, and in all other particulars it complied fully with the principles stated in *S. v. Barrett,* 138 N. C., 630; *S. v. Wilkerson,* 164 N. C., 437; *S. v. Helms,* 181 N. C., 566. The presiding judge clearly and emphatically charged the jury that there was no *prima facie* case of guilt, in respect to any of the crimes charged in the indictment, and that they must not consider the case in any such way, but decide upon the evidence alone and beyond a reasonable doubt as to the guilt of the defendant. The secrecy with which the liquor was kept and the concealment of at least a part of it, that is the two quarts, and the denial of its ownership, must have impressed the jury with the belief that the defendant was not engaged in a lawful traffic or pursuit, but was violating the statute, and we are unable to say that this inference was not reasonable and warranted.

There is no similarity between *S. v. Helms,* 181 N. C., 566, and this case, as here Judge Cranmer expressly cautioned the jury that no *prima facie* case, in any respect, had been made by the State.

The motion for a nonsuit was properly overruled.

After a careful examination of the case, and the record, no error has been found therein.

No error.