THE STATE v. E. G. NEWCOMB.

*Liquor Selling—"Retailing."*

1. The sale of liquors in quantities not less than a quart does not constitute the seller a "retailer," under the laws of this State.

2. The Commissioners of Guilford County have the authority to grant licenses to sell liquors in the city of Greensboro by measure, not less than a quart, without the permission of the Board of Aldermen of that city.

3. The present Revenue Act does not dispense with the necessity on the part of those who desire to *retail* liquors of obtaining a license. It simply, in that respect, imposes the same tax upon selling by the quart, and up to five gallons, as is imposed on the seller by measure less than a quart.

This was a CRIMINAL ACTION, tried before *MacRae, J.,* at August Term, 1890, of GUILFORD Superior Court.

The indictment charges the defendant with having unlawfully retailed and sold to a person specified "spirituous liquor by a measure less than five gallons, to-wit, by the quart, the said E. C. Newcomb not having then and there a license to sell and retail spirituous liquors by the measure last aforesaid," &c. The defendant pleaded not guilty.

The jury found, by their special verdict, that the defendant did, in August of the present year, sell a quart of liquor to the person specified; that at that time he had a license dated the 7th day of July, 1890, authorizing him to carry on the business of "*liquor dealer,* for selling in quantities of one quart up to five gallons, at his place of business at Odell Building, South Elm street, for the period commencing July 1st, 1890, and ending January 1st, 1891." This license was signed by the Sheriff of said county and countersigned by the Register of Deeds thereof, and was in all respects sufficient in form. The place thus specified is situated within the city of Greensboro. Upon the special verdict the Court

directed a verdict of not guilty to be entered, and gave judg-
ment thereupon in favor of the defendant. The Solicitor for
the State excepted, and appealed to this Court, insisting that
the license was void because granted to sell spirituous liquors
in said city without permission first granted by the Board of
Aldermen thereof, as prescribed and required (as contended)
by the charter of that city (Pr. Acts 1889, ch. 219, § 75).

*The Attorney General,* for the State.
*Mr. James T. Morehead,* for defendant.

MERRIMON, C. J.—after stating the facts: It is conceded
for the State that if the license put in evidence on the trial
by the defendant was valid, then he was not guilty. We
are of opinion that it was in all respects valid and author-
ized by the statute (Acts 1889, ch. 216, § 32), which, among
other things, provides that "every person, company or firm
for selling spirituous * * * liquors * * * shall pay
a license tax semi-annually in advance, on the first day of
January and July, as follows: First, for selling in quantities
of *five gallons or less* for each six months, to be collected by
the Sheriff," &c. The same section authorizes the County
Commissioners, as prescribed, to "issue an order to the
Sheriff to grant a license so to sell," "except in territory
where the sale of liquors is prohibited by law."

The charter of the city of Greensboro (the statute Pr.
Acts 1889, ch. 219, § 75) provides "that it shall not be lawful
for the commissioners of Guilford County to grant any
license to *retail* spirituous liquors within the limits of the
city without permission first obtained from the Board of .
Aldermen in being at the time of the application to the
County Commissioners, and if any license shall be granted
without permission in writing, attested by the Clerk of the
Board, and exhibited to the County Commissioners, and filed
with the Clerk of the Board of County Commissioners, the

same shall be utterly void," &c. It is contended for the State that selling such liquor ·by *the quart* is *retailing* the same within the meaning of the statutory provision just recited, and, therefore, the license relied upon by the defendant was void, inasmuch as it was granted by order of the County Commissioners of Guilford, without the permission of the Board of Aldermen of the city of Greensboro.

We think this is a clear misapprehension of what is meant by retailing spirituous liquors in the above and other statutes.

The statute (*The Code,* § 1076) provides that "if any person shall retail spirituous liquors by the small measure, or any other manner than is prescribed by law, he shall be guilty of a misdemeanor, and shall be fined or imprisoned, or both, in the discretion of the Court." The statute (*The Code,* § 3701) prescribing how a license to retail spirituous liquors shall be granted, provides that "every person desiring to sell spirituous or malt liquors, wines, cordials or bitters, in quantities *less than a quart,* shall, before engaging in said sale, file his petition, stating the place and house in which he proposes to retail, and obtain an order to the Sheriff from the Board of County Commissioners of the county to grant him a license to retail at that place, which order they shall grant to all properly qualified applicants," &c. This is the statute, and the only one that prescribes what constitutes retailing by the small measure as contemplated by the statute (*The Code,* § 1076), and it is the license to thus retail that the charter of the city of Greensboro forbids the County Commissioners of the county of Guilford to direct to be issued without the permission of the Board of Aldermen of that city granted in the way prescribed. *Muller* v. *Commissioners,* 89 N. C., 171; *State* v. *Brittain, id,* 576. The statute (*The Code,* § 3701) has not been repealed or modified. The several revenue laws passed by the Legislature since that statute was enacted repeal preceding similar laws, including

chapter 55 of *The Code*, only so far as the preceding ones referred to are inconsistent with subsequent ones. It will be found that none of subsequent date repeal, in terms or by implication, the statutory provision last above recited. License to retail spirituous liquors must be granted now as heretofore.

The statute (Acts of 1889, ch. 216, § 32), which imposes a tax of $50 for the license to sell spirituous liquors for six months in quantities of five gallons *and less*, does not affect the statute above cited, defining and regulating the sale of such liquors by the small measure; it only has the effect to make the tax for the license the same in amount for retailing as for selling by the quart and not exceeding five gallons. Hence, it is provided in the section last cited that "no license taken out under this section shall authorize any sale of any greater or less quantity than specified in said license."

The license in question did not purport to grant the defendant the right to *retail* spirituous liquors in the city of Greensboro, nor did he so retail, so far as appears from the record. The County Commissioners had authority to direct that a license be granted to him to sell spirituous liquors, by a measure not less than a quart nor greater than five gallons, in that city, and this without permission of its Board of Aldermen. They did not have authority to direct a license to be granted to him to *retail* such liquors there without such permission, nor did they do so. The license in question is, therefore, valid.

Affirmed.